■ MONICA TOBAR, Individually and as Administratrix of the Estate of PATRICK F. TOBAR, Deceased, Plaintiff, v CITY OF NEW YORK et al., Defendants. (Action No. 1.) MONICA TOBAR, Individually and as Parent and Natural Guardian of PATRICK L. TOBAR, an Infant, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. (Action No. 2.)—In consolidated actions, *inter alia,* to recover damages for personal injuries, the plaintiffs in action No. 2 appeal (1) from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated February 27, 1987, as granted the branch of the defendant City of New York's motion which was for summary judgment dismissing the complaint as against it in action No. 2, (2) from an order of the same court, dated October 14, 1987, which denied their motion for leave to renew a prior motion which resulted in a protective order dated September 2, 1986, which vacated their notice of discovery and inspection, and (3) from a judgment of the same court dated April 1, 1988, which, upon the order dated February 27, 1987, dismissed the complaint as against the City of New York in action No. 2.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiffs commenced action No. 2, *inter alia,* to recover damages for the personal injuries they allegedly sustained when the plaintiff Monica Tobar, then seven months' preg-

nant with the infant plaintiff Lawrence Patrick Tobar, was a passenger in a vehicle which struck one or more purportedly illegally parked, detached trailers on 56th Road between 43rd and 48th Streets in the County of Queens. In their complaint, the plaintiffs essentially alleged that the defendant City of New York had been negligent in failing to warn against or remove the illegally parked trailers which obstructed the roadway. By notice of discovery and inspection dated July 18, 1986, the plaintiffs sought from the city disclosure of "[c]opies of all tickets and summonses issued to parked trailors [sic] on 56th Road in Queens for the period of March 2, 1982 to March 2, 1984, inclusive". The city moved for a protective order vacating the plaintiffs' notice of discovery and inspection on the grounds that it was overbroad, that the material it sought was irrelevant, and that compliance therewith would be unduly burdensome. In an order dated September 2, 1986, the Supreme Court granted the city's motion and vacated the notice of discovery and inspection. The record does not indicate that the plaintiffs made any further attempt to submit a more narrowly drawn discovery request.

Thereafter, by notice of motion dated November 19, 1986, the city moved for summary judgment dismissing all claims asserted against it. The motion was granted in an order dated February 27, 1987. By notice of motion dated August 31, 1987, the plaintiffs moved for leave to renew the city's motion for a protective order. The motion for leave to renew was denied in an order dated October 14, 1987. The plaintiffs now appeal from the latter two orders and the judgment entered thereon. We affirm.

Initially, we note that insofar as the plaintiffs' claims against the city are premised upon its failure to enforce statutes and regulations governing the parking and removal of vehicles (see, e.g., Vehicle and Traffic Law § 1204 [b] [2]), the plaintiffs have failed to establish the existence of a special relationship creating a municipal duty to enforce such legislation for their protection (see, Kenavan v City of New York, 70 NY2d 558; Solomon v City of New York, 66 NY2d 1026; Miller v State of New York, 62 NY2d 506).

We find unpersuasive the plaintiffs' contention that triable issues of fact have been raised as to whether the city breached its common-law duty to properly maintain the public roadway. While the city clearly does have the duty to maintain its roadways in a reasonably safe condition (see, Friedman v State of New York, 67 NY2d 271; Bottalico v State of New York, 59 NY2d 302; Gutelle v City of New York, 55 NY2d 794), "[it] is

not an insurer of the safety of its roadways" *(Tomassi v Town of Union,* 46 NY2d 91, 97, *mot to amend remittitur denied* 46 NY2d 941). The plaintiffs allege that the illegally parked trailers in this case constituted a dangerous obstruction of the roadway. However, it is well settled that "[t]o be liable in damages for failure to warn of [or remove] a dangerous condition, a property owner must have notice of the condition itself as well as the unreasonable risk it creates" *(Herman v State of New York,* 63 NY2d 822, 823, *rearg denied* 64 NY2d 755). The plaintiffs failed to submit in opposition to the motion for summary judgment any evidence that the city had actual or constructive notice of the specific alleged obstruction which caused their injuries *(see generally, Lander v Nacri,* 130 AD2d 628; *Doria v Village of Mamaroneck,* 12 AD2d 952), and the mere fact that summonses had been issued in the past to trailers illegally parked along 56th Road did not suffice to establish such notice *(see, Gordon v American Museum of Natural History,* 67 NY2d 836). Insofar as the plaintiffs maintain that the court's order vacating their notice of discovery and inspection improperly prevented them from obtaining evidence of actual notice on the part of the city, we note that the motion to vacate was properly decided. The discovery request was overbroad as to time and location and sought a great number of documents which bore no relevance to the issue of whether the city had actual notice that the particular trailers in this case constituted a dangerous obstruction of the roadway on the date of the accident. Moreover, the production of the requested documents would have placed an undue burden on the city. Accordingly, summary judgment was properly awarded in favor of the city.

Finally, the denial of the plaintiffs' motion for leave to renew was appropriate *(see generally, McRory v Craft Architectural Metals Corp.,* 112 AD2d 358; *Foley v Roche,* 68 AD2d 558). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.