■ DELILAH Y. FRANQUI et al., Respondents, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY et al., Appellants.—Order, Supreme Court, New York County (Robert E. White, J.), entered on or about March 15, 1989, which, *inter alia,* denied defendant New York Telephone Company's cross motion for summary judgment without prejudice to renewal, unanimously reversed, on the law, without costs, to the extent appealed from, the cross motion granted, and the complaint dismissed and severed as against it.

The infant plaintiff was injured by a wire which had been pulled from a vandalized pay phone and stretched to a nearby fence. Plaintiff's notice witness, a relative of plaintiff through marriage, was deposed, and stated that the pay phone had been repeatedly vandalized and repaired in the past, but that when last seen by the witness prior to the day of the accident, the telephone was in good repair.

It was incumbent on the plaintiffs, in opposition to the motion, to lay bare their proofs as to constructive notice, an essential element of plaintiffs' case. *(Gordon v American Museum of Natural History,* 67 NY2d 836.) The testimony of plaintiffs' witness did not show facts sufficient to demonstrate an issue as to constructive notice. Indeed, all that the witness established was that the phone had been repaired some time prior to the accident.

We find no justification, as did the court below, for further examination of the same notice witness. We do not, as do the plaintiffs, discern any ambiguity in her testimony. The plaintiffs have already had a full and fair opportunity to depose the witness, and have not submitted an affidavit of the witness showing that she was confused, misspoke, or was misinterpreted. No valid purpose could be served by further discovery. *(Trails W. v Wolff,* 32 NY2d 207.) Concur—Kupferman, J. P., Carro, Asch, Wallach and Smith, JJ.