■ JANE TORANI, Respondent-Appellant, v FIRST UNITED METHODIST CHURCH, Also Known as ADIRONDACK COMMUNITY CHURCH, Appellant-Respondent.—Casey, J. Cross appeals from an order of the Supreme Court (Brown, J.), entered October 16, 1989 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint and plaintiff's cross motion for leave to serve an amended bill of particulars.

On July 16, 1983, plaintiff and her husband attended the fourth annual "Country Fair" and barbecue held by defendant in the Village of Lake Placid, Essex County. Following dinner, plaintiff took a raft ride sponsored by defendant on Mirror Lake. After the ride, plaintiff and her husband were directed to walk on a back lawn area in order to return to the front of defendant's building. Closing time for the fair was 7:30 P.M., and since that time was approaching, the personnel were closing the various stands. As plaintiff walked up the sloping lawn around the outside of a large tree she slipped and fell, sustaining a broken ankle. Plaintiff commenced an action in negligence and, after joinder of issue, defendant moved for summary judgment to dismiss the complaint. Plaintiff cross-moved to serve an amended bill of particulars. The motions were denied.

Considering first plaintiff's cross motion for leave to serve an amended bill of particulars, we agree that such motion was properly denied. By such amendment plaintiff now attempts to show that the tree caused or contributed to her fall. This theory of liability was never mentioned in her examination before trial, nor in her husband's deposition, as contributing to her fall. We do not believe that such an inconsistent version of the happening of the accident should be permitted to be advanced at this time. Plaintiff and her husband had

ample opportunity to plead this theory of negligence in her complaint, if that were the fact, and failed to do so. Furthermore, there is no factual support shown for such a theory now.

Considering defendant's motion for summary judgment, we believe that Supreme Court improperly denied that motion. In support of its motion, defendant submitted its attorney's affidavit which incorporated the pleadings, the bill of particulars, and the depositions of plaintiff and her husband. In her deposition, plaintiff claimed that she thought she slipped on ice cubes which were on the ground. Her husband stated that he saw ice cubes or crushed ice on the ground just as plaintiff stepped on it. There was no showing how the ice got onto the ground or how long it had been there before plaintiff's fall. In our view, the burden imposed upon defendant as the moving party was satisfied and plaintiff was required to demonstrate by proof in admissible form that the condition was caused by defendant's agents or existed for a sufficient period of time to require defendant in the exercise of reasonable care to have corrected it (see, Franqui v City of New York, 152 AD2d 482). Since plaintiff failed to so demonstrate, the order of Supreme Court denying defendant's motion for summary judgment must be reversed.

Order modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion for summary judgment; motion granted and complaint dismissed; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.