■ MASSAD BROWN, an Infant, by His Father and Natural Guardian, REGINALD B. BROWN, et al., Respondents, v MARATHON REALTY, INC., et al., Appellants, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendants Marathon Realty, Inc. and Ted Wagner appeal from an order of the Supreme Court, Queens County (Hentel, J.), dated May 19, 1989, which denied their motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the appellants' motion for summary judgment is granted, the complaint is dismissed as against Ted Wagner and Marathon Realty, Inc., and the action against the remaining defendant is severed.

In September 1983 it was determined that the then one-year-old infant plaintiff, Massad Brown, was suffering from lead poisoning, allegedly attributable to his ingestion of lead-based paint chips which had peeled from the walls of the single-family residence where he lived. His family had been renting the premises prior to the purchase by the appellant Marathon Realty, Inc., of the dwelling in 1981. The appellant Ted Wagner is the president of Marathon Realty, Inc.

In April 1987 the plaintiffs commenced this action, alleging, *inter alia,* that the appellants had actual and constructive notice of the paint chipping and the lead content of the paint, but failed to correct the hazard. The appellants moved for summary judgment dismissing the complaint, arguing that they (1) had neither the requisite constructive nor actual notice of the alleged defect, (2) they retained no right to enter and inspect the premises in question, and (3) they could not have known that the paint in question was lead-based, even if they had reserved the right to enter the premises. In respect to the latter contention, it was established that prior to the purchase of the premises by the appellants, the plaintiffs themselves had painted over the coat of lead-based paint.

In opposition to the motion, the plaintiffs' counsel submitted, *inter alia,* excerpts from the appellant Wagner's examination before trial in which he stated that, in 1981, he had visited the premises on a number of occasions to collect rent and had entered portions of the house while doing so. Moreover, the plaintiffs' counsel argued that subsequent to the determination by a city agency that the paint chips contained lead, the infant plaintiff's mother had personally informed the appellant Wagner of the finding and that he still did nothing to remedy the problem, during which time the infant plaintiff allegedly "continued to be exposed to a dangerous and debilitating condition in the home".

The Supreme Court denied the appellants' motion for summary judgment, concluding that questions of fact remained as to whether or not the appellants had a "reasonable opportunity" to discover the lead paint or possessed actual notice of the condition after the lead content of the paint had been confirmed. We reverse.

It is well settled that in order to impose liability upon a landowner for injuries resulting from an allegedly defective condition, the plaintiff must establish that the landowner had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, he should have remedied it *(see, e.g., Putnam v Stout,* 38 NY2d 607; *see also, Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838; *Herman v State of New York,* 63 NY2d 822, 823; *Preston v State of New York,* 59 NY2d 997, 999; *Franqui v City of New York,* 152 AD2d 482; *Tobar v City of New York,* 146 AD2d 694, 696). Moreover, a landlord's liability for injuries caused by defective or dangerous conditions upon the leased premises depends upon whether the lessor has retained sufficient control of the premises to be held to have had constructive notice of the condition *(see, Hecht v Vanderbilt Assocs.,* 141 AD2d 696, 699; *Cherubini v Testa,* 130 AD2d 380; *Silver v Brodsky,* 112 AD2d 213; *see also, Manning v New York Tel. Co.,* 157 AD2d 264). The Court of Appeals has observed that, "[t]here must be some proof that the potential [hazard] reasonably could have been neutralized and that its existence was or should have been discovered by the [landowner]" *(Preston v State of New York, supra,* at 999). It was incumbent on the plaintiffs, in opposition to the motion, to lay bare their proof as to the appellants' actual or constructive notice of the alleged hazard *(see, Franqui v City of New York, supra; Tobar v City of New York, supra,* at 696; *see also, Zuckerman v City*

*of New York,* 49 NY2d 557, 562; *Crumbliss v Swerdlow,* 158 AD2d 502). The plaintiffs have failed to discharge this burden.

The record reveals that the plaintiffs adduced no evidence that the appellants retained any measure of control over, or agreed to make repairs to, the premises in question. Indeed, the infant plaintiff's father and the appellant Wagner testified in their depositions that the tenants were responsible for, and in fact, made all repairs to the premises. The only proof adduced with respect to the appellants' alleged notice of the defect prior to the infant's diagnosis in 1983 was the appellant Wagner's deposition, in which he testified, *inter alia,* that during a five-month period in 1981, he had personally collected rent at the premises and had, on occasion, entered into the plaintiffs' living room while doing so. Nowhere in the appellants' deposition testimony, however, or anywhere else, is there proof that the chipping condition existed at this time or that Wagner was in a position to observe it if it did exist. Contrary to the plaintiffs' contentions, the rent ledger does not establish that Wagner personally collected rents on the dates entered therein, or that he was in a position to observe the walls of the residence even if he had personally collected the rent. Further, notice cannot be predicated upon the conclusory assertion that the use of lead-based paint in older buildings is "commonly known".

Finally, we discern no question of fact with respect to the appellants' liability for injuries allegedly suffered by the infant subsequent to the discovery in 1983, that the walls had been painted with lead-based paint. We note in this respect that the plaintiffs offered no proof that the infant continued to ingest paint chips after 1983, and, in any event, submitted no evidence establishing that additional injury had been sustained by virtue of any alleged continued ingestion of paint chips during this period.

In light of the foregoing, the appellants' motion for summary judgment should have been granted. Kooper, J. P., Sullivan, Eiber and Balletta, JJ., concur.