■ DUANE VAN WORMER, Respondent, v JOSEPH J. BARR et al., Appellants. [647 NYS2d 591] —Peters, J. Appeal from an order of the Supreme Court (Connor, J.), entered January 11, 1996 in Greene County, which denied defendants' motion for summary judgment dismissing the complaint.

On September 20, 1993, plaintiff sustained personal injuries when he fell down a staircase he was descending in an apartment building owned by defendants where plaintiff was a tenant. At the time of the accident, plaintiff was carrying laundry in his left hand and had placed his right hand on the banister for support. At that time, the top bracket supporting the banister broke, causing the banister to come away from the wall and plaintiff to lose his balance. Approximately two months prior to this accident, in July 1993, plaintiff and his roommate and girlfriend at the time, Theresa Mitchell, noticed that the banister was unstable and the subject bracket was loose. Mitchell, in plaintiff's presence, allegedly contacted defendant Jonelyn Barr and informed her of the problem. Mitchell was reportedly told that the problem would be fixed but plaintiff claims that defendants did nothing to repair the banister bracket. Plaintiff asserts that he and Mitchell tried tightening the screws on the bracket but this action produced no lasting improvement.

Plaintiff ultimately commenced this action to recover damages for his personal injuries, asserting that defendants had actual and/or constructive notice of the defective condition of the banister and failed to warn others or correct the condition. Following discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion and this appeal followed.

We affirm. With respect to the pivotal issue of notice, we note that although defendants in their deposition testimony deny ever being informed of any problems with the bannister, Mitchell's testimony to the contrary created a factual dispute on this point. Defendants contend, however, that even if it can be presumed that they had notice of a problem with the bracket being loose, such notice would be insufficient to reasonably apprise them of an allegedly latent defect in the bracket that would have caused it to break (*cf., Ryan v City of New York*, 83

AD2d 574). In our view, Supreme Court correctly concluded that factual questions exist as to whether defendants had actual or constructive notice of a defect in the bannister bracket sufficient for them to take reasonable precautions to remedy the condition or warn others of its existence (*see, Webb v Audi*, 208 AD2d 1122, 1123). Since, *inter alia*, plaintiff's attempts to tighten the screws in the bracket did not fix the instability problem, we cannot agree with defendants contention that, as a matter of law, the defect in the bracket could not have been discovered had defendants attempted to repair or investigate the problem (*see, Gutz v County of Monroe*, 221 AD2d 838, 839).

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.