■ MITCHELL LANTHIER, an Infant, by His Mother and Natural Guardian, DEBORAH LANTHIER, et al., Respondents, v FRANK FEROLETO, Appellant. [654 NYS2d 531] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: On August 10, 1993, plaintiff's infant son was diagnosed with acute lead poisoning. From February 1993 to March 1994, plaintiff and her son lived in an apartment owned by defendant, who purchased the premises in 1977 and lived there with his family until plaintiff moved in. Plaintiff commenced this action in April 1994 alleging, *inter alia*, that the inhalation of lead paint dust in defendant's apartment caused her son's illness. The complaint alleged causes of action for negligence and breach of warranty of habitability on behalf of the child, and a derivative claim for loss of companionship. Upon defendant's motion for summary judgment dismissing the complaint, Supreme Court dismissed the warranty of habitability cause of action but found issues of fact precluding dismissal of the negligence cause of action, i.e., whether the paint in the apartment was chipping and peeling when plaintiff moved in and whether plaintiff informed defendant of that condition.

We agree with defendant that the court should also have dismissed the negligence cause of action. "In order for a landlord to be held liable for a defective condition upon the premises, he must have actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, he should have corrected it" (*Appleby v Webb*, 186 AD2d 1078, citing *Putnam v Stout*, 38 NY2d 607, 612). "There must be some proof that the potential [hazard] reasonably could have been neutralized and that its existence was or should have been discovered by the [landowner]" (*Preston v State of New York*, 59 NY2d 997, 999). Here, even assuming, arguendo, that defendant knew of chipping and peeling paint in the apartment, that knowledge does not constitute actual or constructive notice of a hazardous lead paint condition (*see,*

*Hayes v Hambruch*, 841 F Supp 706, 711, *affd* 64 F3d 657; *Garcia v Jiminez*, 184 Ill App 3d 107, 539 NE2d 1356, *lv denied* 127 Ill 2d 615, 545 NE2d 109; *Winston Props. v Sanders*, 57 Ohio App 3d 28, 565 NE2d 1280; *see generally*, Annotation, *Landlord's Liability for Injury or Death of Tenant's Child from Lead Paint Poisoning*, 19 ALR5th 405). In the absence of any proof that defendant had notice of a hazardous lead paint condition in the apartment, plaintiff failed to raise an issue of fact sufficient to defeat defendant's motion. (Appeal from Order of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.