■ Nelson Busto, Jr., and Others, Infants, by Their Father, Nelson Busto, et al., Appellants, v Sadie Tamucci, as Executor of Nino Tamucci, Deceased, et al., Defendants, and Joseph D. Vitti et al., Respondents. [674 NYS2d 406] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered February 26, 1997, which granted the motion of the defendants Joseph D. Vitti and Rose Vitti for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The infant plaintiffs tested positive for elevated blood lead

levels during the period from 1981 until 1984, while living in an apartment rented from the defendants Joseph D. Vitti and Rose Vitti, located in Port Chester. In 1988, the premises was sold and in 1990, the premises was found to contain lead after it was tested by the the Westchester County Department of Health.

A landowner is liable for a defective condition upon his or her premises when the landowner had actual or constructive notice of the defective condition and failed to take reasonable efforts to correct it (*see, Brown v Marathon Realty,* 170 AD2d 426, 427). Moreover, this Court has recognized that " '[t]here must be some proof that the potential [hazard] reasonably could have been neutralized and that its existence was or should have been discovered by the [landowner]' " (*Brown v Marathon Realty, supra,* at 427, quoting *Preston v State of New York,* 59 NY2d 997, 999). Accordingly, the plaintiffs must establish that the landlord had notice, either actual or constructive, of the presence of lead-based paint on the premises in order to recover damages for injuries resulting from exposure to lead (*see, Lanthier v Feroleto,* 237 AD2d 877; *Brown v Marathon Realty, supra*).

Contrary to the plaintiffs' claim, evidence that the Vittis knew that the premises contained peeling and chipping paint as long ago as 1978 does not establish, by itself, that the Vittis had notice that a lead hazard existed on their premises. Furthermore, the plaintiffs' proof is insufficient to establish that the lead-based paint that was discovered in 1990 existed at the premises prior to 1980, the date that the infant plaintiffs allegedly first tested positive for lead. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.