■ ANTHONY ANDRADE, an Infant, by His Mother and Natural Guardian, MARIA C. ANDRADE, et al., Respondents, v ALEX WONG et al., Appellants, et al., Defendant. [675 NYS2d 112] —In an action to recover damages for personal injuries, etc., the defendants Alex Wong and Eva Wong appeal from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated June 10, 1997, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted, the complaint is dismissed insofar as asserted against the defendants Alex Wong and Eva Wong, and the action against the remaining defendant is severed.

The plaintiffs contend that the infant plaintiff Anthony Andrade suffered from lead poisoning as a result of exposure to lead paint in a single-family house leased from the defendants Alex Wong and Eva Wong (hereinafter the appellants).

In order to prevail, it was incumbent upon the plaintiffs, in opposition to the appellants' prima facie showing of entitle-

ment to summary judgment, to lay bare their proof as to the appellants' actual or constructive notice of the lead paint hazard (*see, Brown v Marathon Realty,* 170 AD2d 426, 427; *see also, Juarez v Wavecrest Mgt. Team,* 88 NY2d 628). The plaintiffs failed to discharge this burden (*see, Brown v Marathon Realty, supra*).

Notice as to a lead-based paint condition cannot be predicated upon a conclusory assertion that the use of lead-based paint in older buildings was "commonly known" (*Brown v Marathon Realty, supra,* at 428). Although it was established that the defendant Alex Wong was aware of the peeling and chipping paint within the subject premises, knowledge that an apartment contains chipping and peeling paint does not establish notice that the premises contained lead-based paint (*see, Lanthier v Feroleto,* 237 AD2d 877).

Insofar as the plaintiffs contend that the appellants had actual notice from the New York City Department of Health, we note that this notice was received *after* the infant plaintiff was diagnosed with lead poisoning and, thus, could not serve as notice of the presence of lead-based paint which had already caused the injury. Further, although upon discovery of the lead-based paint, the appellants took no action to rectify the condition until after the plaintiffs had moved out of the house, this is of little import, since the plaintiffs offered no proof that the infant continued to ingest paint chips after being diagnosed, and submitted no evidence establishing that additional injury had been sustained by virtue of the alleged continued ingestion of paint chips during this period (*see, Brown v Marathon Realty, supra,* at 428). Bracken, J. P., Copertino, McGinity and Luciano, JJ., concur.