■ DARLENE LEEPER, Individually and as Parent and Natural Guardian of ROBERT CARROLL, an Infant, Appellant, v BRADY & BURGESS MANAGEMENT CORP., Respondent. [678 NYS2d 551] —Order unanimously affirmed without costs. Memorandum: In the absence of proof that defendant, as plaintiff's landlord, had actual or constructive notice of the lead paint in plaintiff's apartment, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint (*see, Rodriguez v Amigo,* 244 AD2d 323; *Lanthier v Feroleto,* 237 AD2d 877). Although defendant retained the right to reenter the premises, there is no proof that the defective condition was visible and longstanding (*see, O'Rourke v Sachel Hardware,* 178 AD2d 134, 135; *Perez v City of New York,* 168 AD2d 227, 228-229, *appeal dismissed* 77 NY2d 872, *lv denied* 78 NY2d 854; *cf., Juarez v Wavecrest Mgt. Team,* 88 NY2d 628, 646-648). Furthermore, proof that defendant did not clean up adequately after repainting does not establish that defendant created the lead paint condition (*see, Lanthier v Feroleto, supra*). (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Balio and Fallon, JJ.