■ MAUREEN FLAM, Respondent-Appellant, v ETGOEL COMPANY, Appellant-Respondent, ORSID REALTY CORPORATION, Defendant and Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. CONCEPTS OF INDEPENDENCE, INC., Third-Party

Defendant-Respondent. (Action No. 1.) MAUREEN FLAM, Appellant, v CONCEPTS OF INDEPENDENCE, INC., et al., Respondents. (Action No. 2.) [687 NYS2d 406] —In two related negligence actions to recover damages for personal injuries, (1) Etgoel Company, a defendant in Action No. 1, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated April 7, 1998, as denied its motion for summary judgment dismissing the complaint in that action insofar as asserted against it, and granted the joint motion of Concepts of Independence, Inc., the third-party defendant in Action No. 1 and a defendant in Action No. 2, and Maureen DeSouza, a defendant in Action No. 2, for summary judgment dismissing the complaints and all cross claims insofar as asserted against them; (2) Orsid Realty Corporation, the defendant third-party plaintiff in Action No. 1, appeals, as limited by its brief, from so much of the same order as (a) denied its motion for summary judgment dismissing the complaint and all cross claims in that action insofar as asserted against it, (b) granted that branch of the plaintiff's motion which was for leave to amend her bill of particulars in that action, and (c) granted the joint motion of Concepts of Independence, Inc., the third-party defendant in Action No. 1 and a defendant in Action No. 2, and Maureen DeSouza, a defendant in Action No. 2, for summary judgment dismissing the complaints and all cross claims insofar as asserted against them; and (3) Maureen Flam, the plaintiff in both actions, cross-appeals, as limited by her brief, from so much of the same order as denied her motion for summary judgment on the complaints and granted summary judgment to the defendants in Action No. 2, Concepts of Independence, Inc., and Maureen DeSouza.

Ordered that the appeal of Etgoel Company, a defendant in Action No. 1, from so much of the order as granted the motion of Concepts of Independence, Inc., the third-party defendant in Action No. 1 and defendant in Action No. 2, and Maureen DeSouza, a defendant in Action No. 2, for summary judgment dismissing the complaints and all cross claims insofar as asserted against them is dismissed as it is not aggrieved thereby; and it is further,

Ordered that the appeal of Orsid Realty Corporation, the defendant third-party plaintiff in Action No. 1, from so much of the order as granted the joint motion of the defendants in Action No. 2 for summary judgment dismissing the complaint in that action is dismissed, as it is not aggrieved thereby; and it is further,

Ordered that the order is modified by deleting the provisions

thereof denying the respective motions of the defendants in Action No. 1, Etgoel Company and Orsid Realty Corporation, which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and substituting therefor provisions granting those motions; as so modified, the order is affirmed insofar as reviewed, the complaint in Action No. 1 is dismissed insofar as asserted against the defendants Etgoel Company and Orsid Realty Corporation, and the action against the remaining defendant is severed; and it is further,

Ordered that one bill of costs is awarded to Etgoel Company, to Orsid Realty Corporation, and to Concepts of Independence, Inc., and Maureen DeSouza, appearing separately and filing separate briefs.

The plaintiff was injured when she fell out of a hydraulic lifter used to transport her from her wheelchair onto her bed when the lifter snagged on carpeting in her bedroom. The plaintiff had installed the carpet at the request of her landlord and her managing agent, Etgoel Company (hereinafter Etgoel) and Orsid Realty Corporation (hereinafter Orsid), the defendants in Action No. 1, because of complaints of noise by her downstairs neighbor. The plaintiff commenced the first action against Etgoel, Orsid, and Deco Floors, Inc., the carpet installer, and Orsid brought a third-party action against Concepts of Independence, Inc. (hereinafter Concepts), the homecare agency attending to the plaintiff. The plaintiff then commenced a second action against Concepts and Maureen DeSouza, the attendant who was manuevering the hydraulic lifter at the time of the accident.

Etgoel and Orsid in Action No. 1 and Concepts and DeSouza in Action No. 2 made out prima facie cases for summary judgment dismissing the complaints insofar as asserted against them.

Contrary to the plaintiff's contention, she failed to adduce any triable issues of fact with respect to either Concepts, or to DeSouza's operation of the lifter (see, Zuckerman v City of New York, 49 NY2d 557). The plaintiff's own deposition testimony indicated that she did not fault DeSouza, who, at that time, was still working for her.

Further, the plaintiff failed to raise any triable issues of fact with respect to either Etgoel or Orsid. The plaintiff failed to show that in requiring compliance with the terms of her lease that she install carpeting, they retained "sufficient control of the premises to be held to have had constructive notice" of any possible defect in the carpet (Brown v Marathon Realty, 170

AD2d 426, 427; *Hecht v Vanderbilt Assocs.,* 141 AD2d 696, 699). Nor can it be said that they created a dangerous condition in requiring her to install carpeting. The plaintiff chose the carpet and the carpet installers without any notice to Etgoel or Orsid. Neither Etgoel nor Orsid specified any type, texture, or thickness of carpeting, and the plaintiff failed to produce any evidence indicating that the hydraulic lifter could not be safely used on carpeting. DeSouza's deposition testimony indicated only that it was more difficult to push the wheelchair and hydraulic lifter on the carpet than on the bare floor.

In light of our determination, we need not address the parties' remaining contentions. S. Miller, J. P., Santucci, Friedmann and Florio, JJ., concur.