because plaintiff failed to show that E & L knowingly made misrepresentations regarding the overpayment and that plaintiff reasonably relied on such misrepresentations (*see, New York City School Constr. Auth. v Koren-DiResta Constr. Co.*, 249 AD2d 205).

Consequently, we reverse the order, deny plaintiff's cross motion and grant defendants' motion for summary judgment dismissing the complaint. (Appeals from Order of Supreme Court, Wayne County, Sirkin, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ MARY ARNOLD, Individually and as Parent and Natural Guardian of HARMONIE ARNOLD, an Infant, Respondent, v ADVANTAGE FEDERAL CREDIT UNION, Appellant, et al., Defendants. (Appeal No. 1.) [690 NYS2d 473] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Monroe County, Smith, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ MARY ARNOLD, Individually and as Parent and Natural Guardian of HARMONIE ARNOLD, an Infant, Respondent, v ADVANTAGE FEDERAL CREDIT UNION, Appellant, et al., Defendants. (Appeal No. 2.) [689 NYS2d 799] —Amended order unanimously reversed on the law without costs, motion granted and complaint against defendant Advantage Federal Credit Union dismissed. Memorandum: Supreme Court erred in denying the motion of Advantage Federal Credit Union (defendant) for summary judgment dismissing the complaint against it. Defendant met its initial burden, and plaintiff failed to raise a triable issue of fact whether defendant, as plaintiff's landlord, had actual or constructive notice of the dangerous lead paint condition for a sufficient period of time to have remedied it (*see, Smith v Saget*, 258 AD2d 641; *Leeper v Brady & Burgess Mgt. Corp.*, 254 AD2d 695; *Andrade v Wong*, 251 AD2d 609; *Lanthier v Feroleto*, 237 AD2d 877). Although Monroe County Health Department records show that previous owners were cited for lead paint violations between 1980 and 1982, there is no proof that defendant was aware of those records. The Department of Health closed its file in 1982 following a final inspection and abatement of the problem. We reject plaintiff's contention that, because those records are public, they constitute constructive notice to defendant (*see, Dunn v City of New York*, 205 NY 342, 353; *see also*, 81 NY Jur 2d, Notice and Notices, § 12, at 283). (Appeal from Amended Order of Supreme Court, Monroe County, Smith, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.