■ Tracy Durand, an Infant, by Her Guardian, Irvose Assad, Respondent, v Roth Brothers Partnership Company, Appellant, and 88-44 Realty Corp., Respondent. [696 NYS2d 234]

—In an action to recover damages for personal injuries, the defendant Roth Brothers Partnership Company appeals from an order of the Supreme Court, Queens County (Posner, J.), dated July 7, 1998, which granted the motion of the defendant 88-44 Realty Corp. for summary judgment dismissing its cross claims against 88-44 Realty Corp., and denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the cross motion of Roth Brothers Partnership Company for summary judgment, and substituting therefor a provision granting the motion; as so modified, the order is affirmed, with costs payable to the appellant by the plaintiff, and the action against the remaining defendant is severed.

The plaintiff commenced this action after she suffered an episode of lead poisoning as an infant which necessitated her hospitalization in 1979, at a time when the defendant Roth Brothers Partnership Company (hereinafter Roth) owned the apartment building where she resided. After the defendant 88-44 Realty Corp. moved for summary judgment dismissing the cross claims by Roth, Roth cross-moved for summary judgment on the ground, *inter alia*, that there was no evidence that it had any prior actual or constructive notice of a dangerous lead paint condition in the plaintiff's apartment. The Supreme Court denied the cross motion, and we reverse.

After Roth made out a prima facie case for summary judgment, the plaintiff attempted to establish prior notice by Roth primarily by relying upon evidence that the building superintendent was aware of chipping and peeling paint in the apartment and that the hazards of lead paint were widely publicized before the plaintiff's injury. However, notice of chipping and peeling paint is not the equivalent of notice of a dangerous lead paint condition, and the fact that lead paint hazards frequently were the subject of media reports did not place Roth on notice that a dangerous condition existed in the plaintiff's apartment (*see, Smith v Saget,* 258 AD2d 641; *Hines v Rap Realty Corp.,* 258 AD2d 440; *Andrade v Wong,* 251 AD2d 609; *Busto v Tamucci,* 251 AD2d 441; *Lanthier v Feroleto,* 237 AD2d 877; *Brown v Marathon Realty,* 170 AD2d 426). Moreover, since neither the notations in the plaintiff's medical records nor evidence of a subsequent case of lead poisoning in the same building established that Roth knew or should have known of the dangerous condition prior to the plaintiff's hospitalization, Roth's motion for summary judgment should have been granted.

In view of the foregoing, we have no occasion to consider Roth's alternative argument that its cross claim against the current owner of the premises, the defendant 88-44 Realty Corp., should be reinstated. Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.