■ YULIXA CORDERO and Another, Infants, by their Mother and Natural Guardian, BRUNILDA CORDERO, et al., Respondents, v WALTER POSCHMANN, Appellant, et al., Defendant. [707 NYS2d 482] —In an action to recover damages for personal injuries, etc., the defendant Walter Poschmann appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated April 7, 1999, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Walter Poschmann, and the action against the remaining defendant is severed.

The plaintiffs contend that the infant plaintiffs Yulixa Cordero and Yarika Cordero suffered from lead poisoning as a result of exposure to lead paint in their apartment in a two-family house, located at 369 Troutman Street in Brooklyn, that was rented from the appellant, Walter Poschmann.

It was incumbent upon the plaintiffs, in opposition to the appellant's prima facie showing of entitlement to summary judgment, to lay bare their proof as to the appellant's actual or constructive notice of the lead paint hazard (*see, Andrade v Wong*, 251 AD2d 609; *Brown v Marathon Realty*, 170 AD2d 426; *see also, Juarez v Wavecrest Mgt. Team*, 88 NY2d 628). The plaintiffs failed to meet this burden.

Although the appellant had notice that paint was peeling or flaking from surfaces within the premises, notice "of chipping and peeling paint is not the equivalent of notice of a dangerous lead paint condition" (*Durand v Roth Bros. Partnership Co.,* 265 AD2d 448, 449; *see also, Roberts v Pius,* 267 AD2d 292; *Smith v Saget,* 258 AD2d 641; *Hines v RAP Realty Corp.,* 258 AD2d 440; *Andrade v Wong,* 251 AD2d 609, *supra*; *Busto v Tamucci,* 251 AD2d 441). Furthermore, the appellant promptly remedied the hazardous condition when first notified that the paint contained lead (*see, Brown v Marathon Realty, supra*). Accordingly, summary judgment should have been granted to the appellant. Santucci, J. P., McGinity, Luciano and Schmidt, JJ., concur.