■ ANGEL ANDRADE et al., Appellants, v RICHARD J. ORSINI, Defendant, and JAIME F. LOPES et al., Respondents. [710 NYS2d 103] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Fredman, J.), entered June 14, 1999, which granted the motion of the defendants Jaime F. Lopes and Maria Lopes which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them, and denied their cross motion to strike the answer of those defendants.

Ordered that the order is affirmed, with costs.

The infant plaintiff allegedly suffered lead poisoning as a result of ingesting lead-based paint chips which had peeled from the walls and windows of the apartment that his parents rented from the defendants Jaime F. Lopes and Maria Lopes (hereinafter the respondents). The Supreme Court, *inter alia*, granted the motion of the respondents which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them, and we affirm.

In support of their motion for summary judgment, the respondents established that they did not have notice of a hazardous lead paint condition in the plaintiffs' apartment. In opposition, the plaintiffs offered evidence that they orally complained to the respondents regarding the peeling and chipped paint. However, such knowledge is insufficient to establish actual or constructive notice of a lead paint condition (*see, Hines v RAP Realty Corp.,* 258 AD2d 440; *Andrade v Wong,* 251 AD2d 609). Accordingly, the plaintiffs failed to defeat the summary judgment motion (*see, Roberts v Pius,* 267 AD2d 292).

The plaintiffs' cross motion in April 1999 to strike the answer of the respondents due to the failure of Maria Lopes to appear for a court-ordered examination before trial in 1994 was properly denied. The plaintiffs waived their right to depose Maria Lopes due to their failure to notify the court of the outstanding deposition until April 1999. Furthermore, the plaintiffs did not show that the respondents deliberately refused to disclose (*see, Cruzatti v St. Mary's Hosp.,* 193 AD2d 579, 580).

The plaintiffs' remaining contention is without merit. Bracken, J. P., Friedmann, Luciano and Smith, JJ., concur.