■ ANTHONY M. PERRY et al., Infants, by JEANETTE PERRY, Their Mother and Guardian, et al., Respondents, v WALTER UCCELLINI ENTERPRISES, INC., et al., Appellants. [711 NYS2d 631] —Graffeo, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered May 7, 1999 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Jeanette Perry (hereinafter plaintiff) commenced this personal injury action against defendants, the owners and

---

managers of the apartment building in the City of Cohoes, Albany County, in which she and her family resided since October 1992 after her sons, the infant plaintiffs (born in 1990 and 1991), were diagnosed with injuries allegedly related to the ingestion of lead-based paint chips, requiring the hospitalization of both children in 1993. Upon discovery of the injuries, the Albany County Department of Health (hereinafter Department) inspected plaintiff's apartment and found lead-based paint on the windows and door frames. In August 1993, the Department notified defendant Cohoes Redevelopment Association (hereinafter CRA), the building owner, of the problem and directed that the presence of lead-based paint be abated within two weeks. A contractor was hired to undertake abatement procedures, which were completed within a few weeks, and plaintiff then returned to the apartment with her children.

After issue was joined and the parties engaged in some discovery, defendants moved for summary judgment dismissing the complaint, focusing primarily on their contention that they had neither actual nor constructive notice of the existence of lead-based paint in plaintiff's apartment and, therefore, could not be held liable as a matter of law. Plaintiffs opposed the motion relying, *inter alia*, on the deposition testimony of Barbara Cesta, a property manager formerly employed by defendant United Realty Management Corporation, CRA's agent for management of its rental properties, which included the Olmstead Street property where plaintiff resided. Cesta testified during her deposition that, at the direction of her superior, she hired a contractor whom she personally accompanied on a "lead inspection program" sometime in 1990, 1991 or 1992, before elevated lead levels were discovered in the children's blood. The program involved testing for the presence of lead-based paint on the windows in some of the rental properties owned by CRA, including several of the 17 apartments at the Olmstead Street property. Although the apartment which plaintiff later rented was not among those tested, Cesta recalled that lead-based paint was discovered in other units on the premises which she claimed prompted defendants to hire a contractor to undertake abatement procedures at those other units. On the basis of this testimony, Supreme Court found that summary judgment was precluded by genuine issues of fact regarding whether defendants had actual or constructive notice of the condition. Defendants appeal and we affirm.

"It is well settled that in order for a landlord to be held liable for injuries resulting from a defective condition upon the premises, the plaintiff must establish that the landlord had

actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been corrected" (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646; *see, Pulley v McNeal*, 240 AD2d 913). Here, plaintiffs came forward with evidence that defendants had actual notice of the presence of lead-based paint on the premises at issue prior to the time plaintiff rented the apartment in October 1992. Under these circumstances, and in light of the undisputed proof that defendants retained the right to enter the property, were responsible for maintenance and repairs, and conducted inspections of the apartments at least twice a year during the relevant time period, we concur with Supreme Court that questions of fact exist as to whether defendants had actual or constructive notice of the presence of lead-based paint "sufficient for them to take reasonable precautions to remedy the condition or warn others of its existence" (*Van Wormer v Barr*, 231 AD2d 838, 839; *see, Haner v De Vito*, 152 AD2d 896, 897).

As to defendants' argument that they were entitled to partial summary judgment dismissing plaintiffs' claim insofar as it alleges the violation of various statutes and regulations, we note that this contention was not addressed in either of the affidavits defendants submitted in support of their motion but was merely referred to in defendants' memorandum of law, a document which is not included in the list of documents Supreme Court considered in resolving the motion. Even assuming the issue is properly before us, we find that defendants are not entitled to partial summary judgment as their contention is largely dependent on determination of the notice issue and is not supported by sufficient proof in evidentiary form.

Crew III, J. P., Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.