■ RONALD BRIGGS and Another, Infants, by Their Parent and Natural Guardian, BETH SMALL, et al., Appellants, v COUNTRY WIDE REALTY EQUITIES, LTD., et al., Defendants, and RONALD MARGAGLIO et al., Respondents. [713 NYS2d 755] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 30, 1999, which granted the motion of the defendants Ronald Margaglio and Kathleen Margaglio for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The infant plaintiffs allegedly suffered from lead poisoning as a result of exposure to lead paint in a dwelling rented from the respondents. In opposition to the respondents' prima facie showing of entitlement to summary judgment dismissing the complaint insofar as asserted against them, the plaintiffs failed to raise a triable issue of fact that the respondents had actual or constructive notice of a lead-based paint hazard in the demised premises prior to 1995 when the condition was

discovered by the Westchester County Department of Health (*see, Durand v Roth Bros. Partnership Co.,* 265 AD2d 448; *Hines v RAP Realty Corp.,* 258 AD2d 440; *Andrade v Wong,* 251 AD2d 609; *Brown v Marathon Realty,* 170 AD2d 426).

Contrary to the plaintiffs' contention, constructive notice cannot be imputed based on evidence that the respondents were told about peeling and chipping paint within the demised premises, and had been placed on notice, *inter alia,* that older dwellings may contain lead-based paint (*see, Durand v Roth Bros. Partnership Co.,* 265 AD2d 448, *supra; Smith v Saget,* 258 AD2d 641; *Hines v RAP Realty Corp.,* 258 AD2d 440, *supra; Busto v Tamucci,* 251 AD2d 441; *Lanthier v Feroleto,* 237 AD2d 877). Constructive notice may be found where an out-of-possession landlord reserves a right under the terms of the lease to enter the premises for the purpose of inspection and maintenance or repair and a specific statutory violation exists (*see, Juarez v Wavecrest Mgt. Team,* 88 NY2d 628, 646-648; *Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 566-567; *Deebs v Rich-Mar Realty Assocs.,* 248 AD2d 185; *Velazquez v Tyler Graphics,* 214 AD2d 489). Here, however, there was no specific statutory violation. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.