■ Luis Gonzales et al., Respondents, v Jerold E. Nemetz, Appellant. (And a Third-Party Action.) [714 NYS2d 751] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 17, 1999, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, and the complaint is dismissed.

The infant plaintiff allegedly sustained injuries from lead poisoning as a result of exposure to lead paint during visits to an apartment rented by his aunt and owned by the defendant. The defendant moved for summary judgment dismissing the complaint, submitting evidence that he had no actual or constructive notice of a dangerous lead paint condition in the apartment before being notified of the infant plaintiff's injuries, and that he promptly abated the hazard when he received notice. The plaintiffs opposed, submitting evidence that the defendant was aware of the dilapidated condition of the apartment, that the building was over 70 years old, and of chipping paint in and around the apartment.

In opposition to the defendant's prima facie showing of entitlement to summary judgment dismissing the complaint, the plaintiffs failed to raise a triable issue of fact. A landlord's knowledge of the existence of chipping paint, or that a dwelling requires new paint, is not the equivalent of notice of a hazardous lead paint condition (*see, Durand v Roth Bros. Partnership Co.,* 265 AD2d 448; *Smith v Saget,* 258 AD2d 641; *Hines v RAP Realty Corp.,* 258 AD2d 440; *Andrade v Wong,* 251 AD2d 609, 610; *Busto v Tamucci,* 251 AD2d 441, 442). Furthermore, a general awareness of the dangers of lead-based paint in older buildings is also insufficient to establish that a defendant had actual or constructive notice of the dangerous condition (*see, Durand v Roth Bros. Partnership Co., supra*; *Smith v Saget, supra*; *Hines v RAP Realty Corp., supra*; *Andrade v Wong, supra*; *Brown v Marathon Realty,* 170 AD2d 426, 427). Therefore, the defendant's motion for summary judgment should have been granted. Friedmann, J. P., Krausman, Luciano and Schmidt, JJ., concur.