■ CARLISA STOVER, Individually and as Parent and Guardian of EVERTON M. LEWIS, an Infant, Appellant, v YOLANDO ROBILOTTO, as Executor of JAMES O'CONNOR, Deceased, Respondent. [716 NYS2d 146] —Mugglin, J. Appeal from an order of the Supreme Court (Keegan, J.), entered April 25, 2000 in Albany County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

In this action, plaintiff seeks to recover damages from decedent, her prior landlord, predicated on his liability for injury to her infant son as a result of the ingestion or inhalation of lead-based paint, paint particles or dust while living at the leased premises. Supreme Court's dismissal of the complaint was based on lack of evidence of either actual or constructive notice of the alleged dangerous condition to decedent. Plaintiff appeals.

" 'It is well settled that in order for a landlord to be held liable for injuries resulting from a defective condition upon the premises, the plaintiff must establish that the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been corrected' " (*Perry v Uccellini Enters.*, 275 AD2d 495, 496-497, quoting *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646).

This record contains no evidence of actual notice. In the absence thereof, plaintiff asserts three separate theories of constructive notice upon which she seeks reversal of the grant of summary judgment to defendant.

First, plaintiff asserts that Public Health Law § 1373 gave decedent the statutory right to enter and the duty to maintain the premises free from lead hazards and that the violation of these provisions constituted constructive notice of the dangerous condition to decedent. This argument is unpersuasive since these provisions assume knowledge of the lead paint hazard on the part of the owner and, therefore, in and of themselves, cannot constitute constructive notice. Moreover, Public Health Law § 1373 and the regulations promulgated thereunder impose a duty on property owners to abate lead poisoning conditions only after written notice and demand are served by a County Commissioner of Health (*see,* Public Health Law § 1373; 10 NYCRR 67-2.6).

Next, plaintiff asserts that decedent's contractual right to enter and responsibility to maintain and repair the premises constitute constructive notice. "Generally a landlord may be held liable for injury caused by a defective or dangerous condition upon the leased premises if the landlord is under a statutory or contractual duty to maintain the premises in repair and reserves the right to enter for inspection and repair [citations omitted]" (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 642). As we have already stated, no statute imposes constructive notice on this landlord and there is no written lease for this tenancy. Hence, any contractual duty to repair or right to maintain the premises existed by reason of the oral agreement of the parties. It is undisputed that the landlord was present when his agent made certain minor repairs to the demised premises.

A review of the cases cited by plaintiff in support of this proposition and our independent research lead us to the conclusion that this rule is, except in rare circumstances, inapplicable to lead poisoning cases from the ingestion of paint chips or the inhalation of paint dust. The actual or constructive notice

rule is premised on the concept that some *observable* condition exists that the landlord either has discovered or, in the exercise of reasonable care, should have discovered and remedied (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837). The existence of a lead paint hazard is not observable. Indeed, even the existence of chipping and peeling paint does not provide constructive notice of a lead paint hazard (*see, Chapman v Silber*, 275 AD2d 122, 124). Consequently, without more, the right to reenter and the obligation to repair cannot establish constructive notice of a hazardous lead paint condition.

Moreover, our decision in *Perry v Uccellini Enters.* (*supra*) is factually distinguishable and does not require a contrary result. There, the landlord had actual notice of a lead paint condition in several (but not all) of the apartments in a single building. Given that circumstance, we held only that that knowledge, together with the landlord's right to enter, responsibility for maintenance and biannual inspections raised an issue of fact as to the existence of actual or constructive notice of lead paint in the other apartments in that building.

Lastly, plaintiff argues that decedent's general knowledge regarding the dangers of lead to children, that old buildings contain lead-based paint, that another of decedent's premises were found to have lead hazards leading to an infant's poisoning 15 years prior to this occasion and that the subject premises contained conditions conducive to lead poisoning are sufficient to establish constructive notice to decedent.

First, we observe that plaintiff's argument that the premises contained conditions conducive to lead poisoning is based on the provisions of the Public Health Law which we have already observed do not form a proper basis for constructive notice. Moreover, it is undisputed on this record that immediately prior to plaintiff's occupancy of the apartment, the entire premises were painted with latex-based paint. Plaintiff's deposition testimony raises no issue of fact in this regard.* In addition, simply showing that a premises is old and may contain lead-based paint is not sufficient to constitute constructive notice (*see, Brown v Marathon Realty*, 170 AD2d 426, 428). Also,

---

* We have not overlooked the fact that in her affidavit in opposition to defendant's motion for summary judgment, plaintiff asserts that throughout her tenancy the premises contained chipping and peeling paint and paint dust. In addition to our holding in *Chapman v Silber* (*supra*), we observe that a plaintiff cannot create an issue of fact by submitting her own self-serving affidavit which contradicts prior sworn testimony (*see, Ferber v Farm Family Cas. Ins. Co.*, 272 AD2d 747, 749; *cf., Ramee v Weathervane Seafoods*, 273 AD2d 768, 769).

actual or constructive notice of a lead-paint hazard cannot be found based upon a general knowledge that lead-based paint was used in older buildings (*see, Durand v Roth Bros. Partnership Co.*, 265 AD2d 448, 449; *Andrade v Wong*, 251 AD2d 609, 610).

Finally, although we held in *Perry v Uccellini Enters. (supra)* that knowledge of a lead-based hazard in one apartment was sufficient to create a question of fact to defeat summary judgment with respect to a lead-based hazard claimed to exist in another apartment in the same premises, we perceive no reason in law or logic to expand that holding so as to impute constructive notice of a lead paint condition in an entirely separate building.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.