(November 26, 2001)

■ AnnaMarie Abreu et al., Respondents, v Lucita C. Huang et al., Appellants. (And a Third-Party Action.) [733 NYS2d 903] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LaTorella, J.), dated August 10, 2000, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiffs commenced this action alleging that the infant plaintiff, AnnaMarie Abreu, suffered lead poisoning as a result

of exposure to lead paint in the second-floor apartment of a two-family dwelling that the infant plaintiff's grandmother leased from the defendants. The defendants established, prima facie, their entitlement to summary judgment by showing that they had no prior actual or constructive notice of a dangerous lead paint condition. Since the plaintiffs failed to demonstrate the existence of a triable issue of fact in response thereto, the defendants' motion should have been granted (*see, Gonzales v Nemetz,* 276 AD2d 670; *Durand v Roth Bros. Partnership Co.,* 265 AD2d 448; *Andrade v Wong,* 251 AD2d 609).

The plaintiffs' remaining contentions are without merit. Krausman, J. P., Friedmann, Florio and Adams, JJ., concur.