■ SHEILA H. NOTKIN, Respondent, v GRISTINA VINEYARDS, Appellant. (And a Third-Party Action.) [748 NYS2d 765] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated September 28, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On the evening of September 18, 1999, the plaintiff tripped and fell when attempting to step onto a dance floor at an outdoor wedding held on property owned by the defendant and leased to a bridal couple for the occasion. The plaintiff claims that the defendant exercised sufficient control over the leased property to be under a duty to use reasonable care to keep the premises in a reasonably safe condition (*see Basso v Miller,* 40 NY2d 233) and that the defendant breached that duty by negligently allowing high grass and inadequate lighting on its premises to conceal the raised edge of the dance floor over which she tripped. The plaintiff was aware that the dance floor was made of something other than the grass, but admitted she never looked to see whether it was sunken or raised or required her to step up.

According to the defendant, it agreed to provide the "facilities," and the wine and wine-pouring services, while all other party services and equipment were the responsibility of the bridal couple. This agreement was confirmed by the subsequent conduct of the bridal couple, who also contracted with a caterer for the food and various party services, and contracted with the third-party defendant for all the party equipment and its installation. This equipment included the tent (which was erected on the main lawn), the dance floor (which was set up under the tent), and tent lighting of the bridal couple's choice.

"It has been held uniformly that control is the test which measures generally the responsibility in tort of the owner of real property" (*Ritto v Goldberg,* 27 NY2d 887, 889). The liability of a landlord for injuries caused by a defective condition upon leased premises depends on whether the landlord retained sufficient control of the premises to be held to have had constructive notice of the condition (*see Brown v Marathon Realty,* 170 AD2d 426). Here, the defendant demonstrated that

it did not retain sufficient control of the tent area and dance floor, which it neither selected nor installed, to have constructive notice imputed to it of the alleged defect (*see Flam v Etgoel Co.,* 259 AD2d 730). In opposition, the plaintiff failed to submit sufficient evidence establishing the existence of an issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557). Ritter, J.P., Santucci, Goldstein and Mastro, JJ., concur.