■ CORDELIA A. CORSINO et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents-Appellants, and VILLAFANE ELECTRIC CORP., Appellant-Respondent. (And Other Actions.) [839 NYS2d 490]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered March 8, 2006, which denied defendants' motions for summary judgment dismissing the complaint, reversed, on the law, with costs, the motions granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff Cordelia Corsino was injured on August 21, 2000, while exiting a train at the 14th Street subway station, when she tripped over a "drag line cord" protruding from a column and lying across the station platform. She had been on the same platform the previous two days and had not seen the cord that ultimately contributed to her fall.

Defendant Transit Authority entered into a contract with defendant CAB Associates for the rehabilitation of the 14th Street station on the 8th Avenue subway line; CAB in turn subcontracted with defendant Sheldon Electric to perform the electrical work; and Sheldon subcontracted with defendant Villafane to install a communications system that included the running of conduit and drag lines for the southbound 8th Avenue platform. The drag line that apparently caused the injured plaintiff's fall was hanging from a conduit located in a column on the platform for which installation of a public telephone had not been yet

completed. The drag line had apparently been pulled from the conduit on the column and left strewn across the platform.

All four defendants moved for summary judgment on the grounds that there had been no showing that they either created the condition or had notice of it. In denying these motions, Supreme Court found that the Transit Authority retained a nondelegable duty to maintain the subway station in a reasonably safe condition, and that questions of fact existed as to the adequacy of its precautions in safeguarding the area. It also found factual issues as to whether Villafane could have secured the drag lines in a "tamper proof" manner so as to prevent them from being pulled out of the conduit. There were also questions of fact as to the degree of control CAB and Sheldon exercised over Villafane as the latter performed its work under the contract.

There is no evidence that the Transit Authority, CAB or Sheldon created the allegedly hazardous condition. In fact the credible evidence supports the conclusion that the drag wire was pulled out of the conduits by vandals and left lying on the platform prior to the accident. Plaintiffs claim each defendant was negligent in not doing more to insure that this circumstance—the malicious removal of the drag line from the conduit—did not occur. In this regard it is uncontroverted that Villafane installed the drag lines and that the other defendants neither directed nor controlled the manner in which this work was performed (*see Santoro v New York City Tr. Auth.*, 302 AD2d 581 [2003]). Given that none of these defendants had actual or constructive notice of the condition that caused the injured plaintiff to fall, that there is no evidence of any complaints of an exposed drag line made to any of the defendants prior to the accident, or that the exposed drag line was present on the platform for a sufficient period of time to impute notice (*see Franqui v City of New York,* 152 AD2d 482 [1989]), the claims must be dismissed.

With regard to Villafane, plaintiffs have not established any act or failure to act on its part that was a proximate cause of the accident. Plaintiffs do not claim that the drag lines were negligently secured; rather, plaintiffs' contention is that Villafane was negligent in not installing a cover plate over the conduit, as espoused by plaintiffs' expert, to prevent the drag line from being pulled onto the platform. The wiring for the telephone box ran through a conduit located some nine feet above the platform and could not easily be reached by someone standing on the platform. It was anchored by the drag line that ran through a conduit. At the end of each day, the ends of the

drag line were tied off at the ceiling—approximately nine feet off the ground—and as such were not accessible to anyone on the platform. As a matter of law, the removal of these drag lines was not a foreseeable circumstance imposing a duty on Villafane to do more in terms of securing them. Plaintiffs' theory of causation is simply too attenuated to support a finding of liability against any of the defendants. Concur—Sweeny, McGuire and Kavanagh, JJ.

Mazzarelli, J.P., and Saxe, J., dissent in a memorandum by Saxe, J., as follows: At 7:45 A.M. on the morning of August 21, 2000, plaintiff Cordelia Corsino was seriously injured when she tripped over a cord lying on the platform as she exited an 8th Avenue subway train at the 14th Street station. Defendant Transit Authority was in the process of renovating this station: defendant contractor CAB Associates had subcontracted with defendant Sheldon Electric for electrical work, which in turn subcontracted with defendant Villafane for the installation of telephone lines. Villafane had installed a conduit, and the cord upon which the injured plaintiff tripped was a drag line that had been inside the conduit.

A drag line is used by contractors to pull wire through conduits to the location of an installation. In this case, the drag line was hanging from a conduit just above a telephone back plate located in a column on the platform, awaiting the installation of a public telephone. It is assumed here that the drag line had been vandalized in such a manner that it was pulled from the conduit on the column, and left strewn on the floor.

In opposition to defendants' motion seeking summary judgment on the ground that they neither created nor had notice of the hazard, plaintiffs submitted the affidavit of Robert Kopelman, a master electrician. Kopelman observed that vandalism is a known danger when work is being performed on a New York City subway platform, and asserted that the vandalism that apparently occurred could have been avoided had the subcontractor installed inexpensive cover plates over the conduit and/or secured the drag line inside the conduit "at a location out of reach of any vandals and in manner that it would not come loose with the vibrations of trains entering and exiting the station." He also observed that the amount of excess drag line should have been reduced so that it could not reach the floor and cause a tripping hazard if it came loose or became unsecured.

This affidavit provided a sufficient basis for a finder of fact to decide whether defendants could be held liable for the hazardous condition that caused the injured plaintiff's fall, based upon

their ability to foresee and prevent the hazard. Along the same lines, the evidence is sufficient to present a question of fact not only as to Villafane's liability, but as to whether the Transit Authority, CAB and Sheldon exercised requisite supervisory or safety control over Villafane or the property so as to preclude their dismissal from the lawsuit.

I respectfully disagree with the majority's bare conclusion that as a matter of law, the creation of the hazard was not foreseeable, and that the theory of causation was too attenuated from the injury to permit a finding of liability.