■ Valerie Curry, Individually and as Mother and Natural Guardian of Antonio Steward and Others, Infants, Respondent-Appellant, v Robert Davis et al., Respondents, and Rental Assistance Corporation of Buffalo, Appellant-Respondent. [661 NYS2d 359] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action, individually and as mother and natural guardian of her three children, against defendants Robert Davis and Anthony Avolio (Landlords), and the Rental Assistance Corporation of Buffalo (RACB), which had entered into an agreement with the Landlords as part of the Department of Housing and Urban Development's Section 8 Existing Housing Assistance Payments Program. The complaint seeks damages for negligence, strict products liability, and breach of implied and express

warranties, arising out of the alleged exposure of the three children to lead-based paint in their apartment. Supreme Court denied RACB's motion for summary judgment dismissing the complaint and plaintiff's cross motion for summary judgment.

The court erred in denying that part of RACB's motion seeking dismissal of the strict products liability and implied and express warranty causes of action. Because RACB is not a manufacturer, distributor, or retailer, it cannot be held liable under the doctrine of strict products liability (*see generally, Porter v LSB Indus.*, 192 AD2d 205, 215). Further, an apartment is not a product within the doctrine of strict products liability (*see, e.g., Dwyer v Skyline Apts.*, 123 NJ Super 48, 55-56, *affd* 63 NJ 577). The court also should have dismissed the implied and express warranty causes of action because RACB did not sell "goods" to plaintiff (*see generally,* Prosser and Keaton, Torts § 100, at 705 [5th ed]). Additionally, we have searched the record (*see, Wiseman v Knaus*, 24 AD2d 869) and conclude that the Landlords are entitled to summary judgment with respect to those same causes of action (*see, Alharb v Sayegh*, 199 AD2d 229; *see generally, Dwyer v Skyline Apts., supra*, at 55-56).

The court properly denied that part of RACB's motion seeking dismissal of the negligence cause of action insofar as that cause of action alleges that RACB negligently inspected the apartment. The record establishes that, although the children were diagnosed with elevated blood levels (EBLs) several months before RACB and the Landlords entered into an agreement, the children's EBLs remained high after RACB inspected the property. RACB argues that it did not have notice of the condition of the apartment or that there were children living there. The record belies that contention.

RACB initially inspected the apartment in August 1992, and the inspection report contains a category for "Lead Paint" for each room of the house. The inspector marked the "Pass" column for each room in the Lead Paint category. Moreover, on the last page of the report, the inspector recorded the answers to questions he asked of plaintiff, including the fact that there were children under the age of seven living in the apartment. It is also significant that RACB sent plaintiff a letter regarding her eligibility for the Section 8 program and that she attended a meeting in August 1992 at which she was given a brochure entitled "Watch Out For Lead Paint Poisoning". The brochure advised of the signs of lead poisoning and its potential sources. Plaintiff was given other brochures regarding the hazards of lead. Under those circumstances, there is a question of fact

regarding RACB's negligence based upon RACB's assumption of a duty to inspect and a duty to warn plaintiff about the hazards of lead paint (*see, Bargy v Sienkiewicz*, 207 AD2d 606, 608-609; *see generally, Di Ponzio v Riordan*, 89 NY2d 578; *Garrett v Holiday Inns*, 58 NY2d 253, 261-262). Similarly, there are questions of fact whether the Landlords supervised or controlled the work that was performed to abate the lead paint hazard (*see, Berger v Dykstra*, 203 AD2d 754; *Lazo v Mak's Trading Co.*, 199 AD2d 165, *affd* 84 NY2d 896), and, if so, whether they were negligent in doing so. The record does not support the contention of the Landlords that the person they hired to abate the hazard was an independent contractor. (Appeals from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Denman, P. J., Pine, Doerr, Balio and Boehm, JJ.