■ BONNIE L. PEKARSKI, Individually and as Parent and Natural Guardian of JAMES NASCI, an Infant, Respondent, v PATRICK J. DONOVAN, as Administrator CTA of the Estate of JOSEPH A. MEROLA, JR., Deceased, et al., Defendants, and CITY OF ROME et al., Appellants. [668 NYS2d 810] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint against defendants City of Rome and City of Rome Police Department dismissed. Memorandum: Supreme Court erred in denying the motion of defendants City of Rome and City of Rome Police Department (City) for summary judgment dismissing the complaint against them and in granting partial summary judgment to plaintiff, finding that plaintiff established the existence of a special relationship between the City and her son. Plaintiff sought damages from the City based upon its failure to provide police protection to her son, who was shot and injured during a neighborhood dispute. Two police officers responded to a complaint that some youths had cut a garden hose. Upon arriving at the scene, the officers separated the complainant and a neighbor, who were arguing, and spoke with each of them. Believing the dispute to be over, the officers left the area. One of the officers told the complainant that he would swing by the house a couple of extra times during his shift, but the officer could not recall whether he also made that statement to the neighbor. At a hearing conducted pursuant to General Municipal Law § 50-h, the neighbor testified unequivocally that he did not ask for police protection and

was not assured that he would receive protection. About 10 minutes after the police left the area, the complainant walked out of his house and approached a group of youths standing across the street. Without warning, he shot at the youths and the neighbor and his wife, tragically killing two youths and wounding two others, including plaintiff's son, before killing himself.

"As a general rule, a municipality may not be held liable for injuries resulting from a simple failure to provide police protection * * *

"There exists, however, a narrow class of cases in which we have recognized an exception to this general rule and have upheld tort claims based upon a 'special relationship' between the municipality and the claimant" (*Cuffy v City of New York*, 69 NY2d 255, 260, *mot to amend remittitur dismissed* 70 NY2d 667). The City established that, before leaving the scene, the police officers gave no assurance of police protection to plaintiff's son; that the son did not rely upon any such assurance; and, thus, that no special relationship existed between the City and plaintiff's son (*see, Yearwood v Town of Brighton*, 101 AD2d 498, *affd* 64 NY2d 667). Plaintiff submitted no evidence to show that her son received an assurance of police protection on which he reasonably relied for police protection (*see, Cuffy v City of New York, supra*, at 262). Under the circumstances, the City of Rome and City of Rome Police Department are entitled to summary judgment dismissing the complaint against them. (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present— Denman, P. J., Lawton, Balio, Boehm and Fallon, JJ.