■ NANCY BOLER, Individually and as Parent and Natural Guardian of DARYL TURNER, an Infant, Respondent, v INDER S. MALIK et al., Appellants. [700 NYS2d 323] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint. Defendants met their initial burden, and "plaintiff failed to raise a triable issue of fact whether defendant[s], as plaintiff's landlord[s], had actual or constructive notice of the dangerous lead paint condition for a sufficient period of time to have remedied it" (*Arnold v Advantage Fed. Credit Union* [appeal No. 2], 261 AD2d 939). We reject plaintiff's contention

that actual or constructive notice of the dangerous lead condition may be imputed to defendants because defendants were aware of chipping and peeling paint; defendants are both real estate brokers and landlords of other properties; defendant Paramjeet K. Malik is a registered nurse; and, before purchasing the subject property, she received mortgage documents for another property that referred to Federal lead based paint regulations (*see, Smith v Saget,* 258 AD2d 641, 641-642; *Leeper v Brady & Burgess Mgt. Corp.,* 254 AD2d 695; *Andrade v Wong,* 251 AD2d 609, 609-610; *Lanthier v Feroleto,* 237 AD2d 877, 877-878). (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.