ment unanimously affirmed with costs for reasons stated in decision at Supreme Court, Stander, J. (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.

■■■ JESSICA POWELL et al., Infants, by Their Father and Natural Guardian, CLINTON POWELL, et al., Appellants, v CHARLES MASON et al., Respondents. [700 NYS2d 324] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Defendants met their initial burden, and "plaintiff[s] failed to raise a triable issue of fact whether defendant[s], as plaintiff[s'] landlord[s], had actual or constructive notice of the dangerous lead paint condition for a sufficient period of time to have remedied it" (*Arnold v Advantage Fed. Credit Union* [appeal No. 2], 261 AD2d 939; *see, Boler v Malik*, 267 AD2d 998 [decided herewith]). Defendants' knowledge of the existence of peeling paint does not constitute actual or constructive knowledge of a hazardous lead paint condition (*see, Lanthier v Feroleto*, 237 AD2d 877). Defendants transferred the property to the mortgagee before receiving notice of the presence of lead based paint at the premises, and thus we reject plaintiffs' contention that defendants are liable for their failure to correct the condition pursuant to Public Health Law § 1373. (Appeal from Order of Supreme Court, Oneida County, Buckley, J.—Summary Judgment.) Present— Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.

■■■ HOWARD FERNANDEZ, Respondent, v KAREN KORETZ, Individually and as Doing Business as C&C ADJUSTMENT BUREAU, Appellant, et al., Defendant. (Appeal No. 1.) [700 NYS2d 908] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Monroe County, VanStrydonck, J.— Counsel Fees.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.

■■■ HOWARD FERNANDEZ, Respondent, v KAREN KORETZ, Individually and as Doing Business as C&C ADJUSTMENT BUREAU, Appellant, et al., Defendant. (Appeal No. 2.) [700 NYS2d 888] —Order unanimously affirmed without costs. Memorandum: Counsel fees are not recoverable in an action unless specifically provided for by statute or contract (*Marotta v Blau*, 241 AD2d 664). According to the clear and unambiguous language of the parties' lease (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162; *North Shore Equestrian Ctr. v Long Is.*