■ VALERIE WALKER, Individually and as Mother and Natural Guardian of VANETTA R. JOHNSON, an Infant, Respondent,

v RICHARD C. DiPAOLO, Appellant. [706 NYS2d 654] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendant's motion for summary judgment dismissing the amended complaint. Defendant owned a residence that he rented to plaintiff in June 1987. Defendant received a letter from the Erie County Department of Health dated November 14, 1989 notifying him that plaintiff's infant daughter was diagnosed with elevated lead levels and that defendant was required to remove the lead-based paint at the premises. Defendant attempted to abate the conditions but received another letter from the Erie County Department of Health in March 1990 informing him that he had failed to correct them. On April 10, 1990, plaintiff and her daughter moved from the residence, and hospital records establish that plaintiff's daughter continued to have an elevated lead level on May 7, 1990. Plaintiff commenced this negligence action alleging that defendant failed to remove lead paint and to warn plaintiff of the danger presented by the presence of lead paint. Defendant failed to submit any evidence that plaintiff's daughter was not further exposed to lead between the period from September 28, 1989, the date of the first diagnosis, through April 10, 1990; thus, defendant failed to establish his entitlement to judgment as a matter of law (*see, Curry v Davis,* 241 AD2d 924, 925). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Wisner, J. P., Hurlbutt, Scudder and Lawton, JJ.