■ DAVID C. BURGER, as Attorney-in-Fact for BARBARA J. BURGER, Respondent-Appellant, v COUNTY OF ONONDAGA, Appellant-Respondent. [708 NYS2d 660] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion to dismiss the complaint for failure to state a cause of action (see, CPLR 3211 [a] [7]). In order to recover on the complaint, plaintiff must allege that a "special relationship" existed between his mother and defendant. The four elements of a special relationship are: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Cuffy v City of New York, 69 NY2d 255, 260; see also, Mastroianni v County of Suffolk, 91 NY2d 198, 204; Pekarski v Donovan, 247 AD2d 857, 858; Sachanowski v Wyoming County Sheriff's Dept., 244 AD2d 908, lv denied 92 NY2d 801). Defendant established that it is entitled to dismissal of the complaint because plaintiff failed to plead justifiable reliance. Defendant did not convey, directly or indirectly, any assurances of protection or assistance to plaintiff's mother (see, Merced v City of New York, 75 NY2d 798, 799-800; Kircher v City of Jamestown, 74 NY2d 251, 258; Pekarski v Donovan, supra, at 858). (Appeals from Order of Supreme Court, Onondaga County, Elliott, J.—Dismiss Pleading.) Present—Wisner, J. P., Hurlbutt, Balio and Lawton, JJ.