OPINION OF THE COURT
Francis A. Affronti, J.
In this action to recover damages for personal injuries allegedly sustained by plaintiffs infant daughter, Asha, as a result of her exposure to lead hazards while residing at 360 Wellington Avenue, Rochester, New York, all defendants herein move for summary judgment dismissing the complaint. For purposes of this motion the relevant facts are undisputed.
Beginning in 1984 or 1985, defendant, Westminster Presbyterian Church (Westminster), the owner of a two-story residence situated at 360 Wellington Avenue, leased said premises to defendant, Montgomery Neighborhood Center, Inc. (Montgomery). A lease agreement between Westminster and Montgomery, dated February 28, 1985, specifies that “the Lessee shall use the Premises exclusively for the purposes of providing emergency short-term housing for families in need.” Thereafter, pursuant to a contract with the Monroe County Department of Social Services (DSS), Montgomery agreed that 360 Wellington Avenue would be available as temporary emergency housing for families receiving assistance from defendant, Monroe County Department of Social Services.
On or about April 1, 1993, plaintiff, Angela Alexander, notified her DSS caseworker that she and her three children, *465 including Asha, then almost three years old, were in immediate need of housing. As directed by the caseworker, plaintiff contacted Montgomery which resulted in housing at 360 Wellington Avenue being provided to her. Thereafter, and following medical tests performed in May and June 1993, Asha was diagnosed as suffering from lead poisoning, whereupon by letter dated June 21, 1993, the Monroe County Department of Health advised Westminster that their inspection revealed the presence of lead paint which required abatement. Subsequently, and on or about July 1, 1993, plaintiff relocated her family from 360 Wellington Avenue to another residence.
Plaintiffs amended complaint asserts negligence and breach of warranty causes of action, as well as a derivative claim by Asha’s mother for loss of companionship.
To prevail on her claim that defendants, Westminster and Montgomery, were negligent in maintaining a dangerous condition on the premises, plaintiff has the burden of establishing not only that a dangerous condition existed, but also that those defendants had notice of the condition for a sufficient length of time to have remedied it (see, Juarez v Wavecrest Mgt. Team, 88 NY2d 628; Lanthier v Feroleto, 237 AD2d 877).
In support of their motion, defendants submitted affidavits from knowledgeable representatives attesting that Westminster and Montgomery had no knowledge of any hazardous lead or lead paint condition prior to notification from the Department of Health. The plaintiffs opposing papers, however, fail to raise a triable issue of fact in this regard.
Plaintiff’s contention regarding defendants’ knowledge concerning a stained glass window, as well as chipped and peeled paint, is insufficient to defeat the motion (see, Cordero v Poschmann, 272 AD2d 362 [2d Dept]; Powell v Mason, 267 AD2d 1025; Boler v Malik, 267 AD2d 998; Andrade v Wong, 251 AD2d 609). Therefore, defendants Westminster and Montgomery are entitled to dismissal of the plaintiffs negligence claim, as set out in the first cause of action, and it is so granted.
With regard to defendants, County of Monroe (County) and Monroe County Department of Social Services, plaintiff alleges that both breached a statutory and a common-law duty owed her infant daughter to ensure that 360 Wellington Avenue was “conducive to her health and safety and * * * habitable.” As to this claim, plaintiffs principal contention is that the County failed to comply with a statutory duty imposed upon it by Social Services Law § 131-v. Said statute, specifi *466 cally, Social Services Law § 131-v (1), authorizes social services districts to contract for the use of dwellings owned or leased by nonprofit corporations or charitable organizations as temporary emergency shelter for eligible homeless families. Subdivision (4) of that section states: “The social services district shall submit for approval by the department health and safety standards that such units must satisfy and shall inspect such units regularly to ensure that such standards are satisfied.”
Plaintiffs allegation that the County neither promulgated any health or safety standards nor caused an inspection to be made of 360 Wellington Avenue, prior to its occupancy by plaintiffs family, is uncontroverted. Nevertheless, the violation of the statutory command does not necessarily give rise to a cognizable tort claim by the plaintiff as against the County and DSS.
Since the statute in question is silent as to whether a private cause of action is authorized, the court must apply a three-part test to determine whether such a claim may be fairly implied (Uhr v East Greenbush Cent. School Dist., 94 NY2d 32, 38; Mark G. v Sabol, 93 NY2d 710, 719). The right is to be implied only if it is concluded that:
(1) plaintiff is one of the class for whose particular benefit the statute was enacted;
(2) recognition of a private right of action will promote the legislative purpose; and
(3) creation of such right is consistent with the legislative scheme (see, Sheehy v Big Flats Community Day, 73 NY2d 629, 633).
Even assuming that the infant plaintiff is a member of a select group intended to be protected by the statute and that recognition of a private cause of action would advance the legislative purpose, such right cannot be implied absent “clear evidence of the Legislature’s willingness to expose the governmental entity to liability it might not otherwise incur” (Uhr v East Greenbush Cent. School Dist., supra, at 42; see also, Lauer v City of New York, 95 NY2d 95, 101). Nothing is found in the legislative history to Social Services Law § 131-v which evinces the Legislature’s unmistakable desire to subject the County to monetary damages for a violation of its duties under Social Services Law § 131-v (4). Indeed, one of the principal reasons given for the legislation by its sponsors (Bill Jacket, L 1991, ch 695) was that placement of homeless households in accommodations maintained by not-for-profit organizations would be *467 more cost effective than utilizing commercial hotels or motels, resulting in savings for local government. There is absolutely no mention whatsoever of the potential that the legislation could result in local government being held liable for monetary damages in the event of a violation of the statute. Accordingly, it is resolved that a private right of action for a violation of Social Services Law § 131-v (4) cannot be fairly inferred.
In addition, the plaintiff herein has not stated a claim for common-law negligence derived from a “special relationship” between the County and the infant plaintiff. The four essential elements of a special relationship are:
“ ‘ (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality’s agents that inaction could lead to harm; (3) some form of direct contact between the municipality’s agents and the injured party; and (4) that party’s justifiable reliance on the municipality’s affirmative undertaking’ ” (Lauer v City of New York, supra, at 102, quoting Cuffy v City of New York, 69 NY2d 255, 260).
Plaintiff has not pleaded or alleged sufficient facts to establish a special duty or relationship (see, Uhr v East Greenbush Cent. School Dist., supra, at 42; Burger v County of Onondaga, 272 AD2d 965 [4th Dept]). Additionally, the County and DSS met their burden of establishing that no special duty existed by their submission of an affidavit from an employee of DSS stating that no one from that agency made any representation or assurance to plaintiff as to the presence or absence of lead hazards at 360 Wellington Avenue. Inasmuch as this allegation is unrefuted by plaintiff, it must be concluded, therefore, that no special duty was owed to the infant plaintiff (see, Cuffy v City of New York, supra, at 261; Burger v County of Onondaga, supra; Bain v New York City Bd. of Educ., 268 AD2d 451; Pekarski v Donovan, 247 AD2d 857; Ubiera v Housing Now Co., 184 Misc 2d 846; Cooper v County of Rensselaer, 182 Misc 2d 487; Missouri v Boyce, 182 Misc 2d 312). Therefore, plaintiff’s first cause of action must be dismissed as against defendants, County and DSS, as well.
Plaintiff only references Real Property Law § 235-b, the statutory warranty of habitability, in support of her second cause of action for breach of warranty. Dismissal of that claim is required as well, and the same is hereby directed, because *468 the damages recoverable for a breach of said provision are limited to economic loss. The statute does not provide a basis for recovering damages resulting from personal injury (see, Richardson v Simone, 275 AD2d 576 [3d Dept]; Carpenter v Smith, 191 AD2d 1036; German v Federal Home Loan Mtge. Corp., 885 F Supp 537, 567; see also, Curry v Davis, 241 AD2d 924; Alharb v Sayegh, 199 AD2d 229).
Since plaintiffs direct claims have been dismissed, the mother’s derivative claim, as set out in the third and last cause of action, must likewise be dismissed, and it is so directed.
In view of the dismissal of plaintiffs amended complaint herein, the court need not address defendants’ motions to renew and/or reargue their previous motions for leave to amend their answer and to compel discovery since those requests are now deemed to be moot.