ELAINE JOYNER, as Parent and Natural Guardian of CHRISTINA E. BOYD, an Infant, Respondent, v ROGER W. DURANT et al., Appellants. [716 NYS2d 221] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action against defendants, her landlords, after her daughter was diagnosed with lead poisoning. She asserted causes of action for negligence and breach of the warranty of habitability (*see,* Real Property Law § 235-b). Supreme Court erred in denying that part of defendants' motion seeking summary judgment dismissing the complaint. Defendants met their burden of establishing that they had no actual or constructive notice of the dangerous lead paint condition, and plaintiff failed

to raise a triable issue of fact (*see, Boler v Malik,* 267 AD2d 998; *Durand v Roth Bros. Partnership Co.,* 265 AD2d 448, 449; *Arnold v Advantage Fed. Credit Union* [appeal No. 2], 261 AD2d 939). Knowledge of chipping and peeling paint in the apartment does not constitute actual or constructive notice of a dangerous lead paint condition (*see, Boler v Malik, supra,* at 998-999; *Durand v Roth Bros. Partnership Co., supra,* at 449; *Lanthier v Feroleto,* 237 AD2d 877, 877-878). Plaintiff may not rely upon any alleged breach of the warranty of habitability to recover damages for personal injuries (*see, Richardson v Simone,* 275 AD2d 576; *Stone v Gordon,* 211 AD2d 881; *Carpenter v Smith,* 191 AD2d 1036). Finally, the court did not err in denying that part of defendants' motion seeking reimbursement for costs incurred in purchasing a request for judicial intervention. We modify the order, therefore, by granting defendants' motion in part and dismissing the complaint. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.— Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Hayes, Wisner and Kehoe, JJ.