■ CARLA NETRAL, Appellant, v GEORGE C. LIPPOLD et al., Respondents. [759 NYS2d 52] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered February 11, 2002, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Summary judgment dismissing the complaint seeking to recover damages from defendant landlords for the infant plaintiff's alleged poisoning from lead paint ingestion was properly granted. Plaintiff failed to raise an issue of fact pursuant to the rule enunciated in *Chapman v Silber* (97 NY2d 9, 15 [2001]) as to defendants' notice of a high degree of risk that a

lead paint hazard existed. Specifically, plaintiff failed to show: (1) that defendants retained a right to reenter the premises; (2) that defendants knew that the apartment was constructed in 1901, before interior lead-based paint was banned; or (3) that defendants knew of the hazards of lead-based paint to children prior to receiving the Board of Health's July 2, 1993 order of abatement.

Moreover, the presumption pertaining to multiple dwellings (*see* Administrative Code of City of NY § 27-2056.1 [a] [2]) does not apply here, because the proof submitted on the motion conclusively established that defendants' two-family house was not a de facto multiple dwelling. The residence did not house three or more families living independently of one another (Multiple Dwelling Law § 4 [7]), or five or more transient boarders (Multiple Dwelling Law § 4 [9]). Concur—Mazzarelli, J.P., Saxe, Sullivan, Ellerin and Gonzalez, JJ.