# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

420

CA 11-02212

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

SHAMEL SANDERS, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SCOTT PATRICK, KURT ROESNER,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

BURGIO, KITA & CURVIN, BUFFALO (STEVEN P. CURVIN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

LIPSITZ & PONTERIO, LLC, BUFFALO (JOHN NED LIPSITZ OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Matthew
A. Rosenbaum, J.), entered August 9, 2011 in a personal injury action.
The order, insofar as appealed from, denied in part the motion of
defendants Scott Patrick and Kurt Roesner for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion is granted
in its entirety, and the complaint against defendants Scott Patrick
and Kurt Roesner is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he allegedly sustained as a result of his exposure to lead
paint while residing in an apartment rented to his mother by Scott
Patrick and Kurt Roesner (defendants). Supreme Court granted in part
defendants' motion for summary judgment dismissing the complaint
against them, and we agree with defendants that the court should have
granted their motion in its entirety. Defendants met their initial
burden with respect to the claim that they did not have actual or
constructive notice of the lead-paint condition, and plaintiff failed
to raise a triable issue of fact in opposition thereto (*see Joyner v
Durant*, 277 AD2d 1014, 1014-1015). With respect to actual notice,
even assuming, arguendo, that defendants were aware of chipping or
peeling paint in the apartment, we conclude that such knowledge does
not constitute actual notice of a dangerous lead paint condition (*see
id.* at 1015; *Durand v Roth Bros. Partnership Co.*, 265 AD2d 448, 449;
*Lanthier v Feroleto*, 237 AD2d 877, 877-878).

With respect to constructive notice, defendants established that
they did not retain the requisite right of entry to the apartment to
sustain a claim for constructive notice (*see Chapman v Silber*, 97 NY2d

9, 15; *cf. Charette v Santspree*, 68 AD3d 1583, 1584). Patrick testified at his deposition that defendants did not have a rental agreement or lease with plaintiff's mother, and plaintiff's mother likewise testified at her deposition that she signed only a one-page "landlord/tenant agreement" with the Department of Social Services. Defendants submitted affidavits in which they averred that, although they retained a key to the apartment, their arrangement with plaintiff's mother was such that they were unable to enter the apartment "unless [they] gave notice and received permission from" plaintiff's mother. Plaintiff's mother and her sister, who also occupied the apartment, both testified at their depositions that defendants could enter the apartment only with their permission. Further, in opposition to the motion, plaintiff's mother submitted an affidavit in which she averred that "[d]efendants maintained an extra key to [the] apartment and were allowed to enter with [her] permission." We thus conclude that defendants established as a matter of law that they did not retain a right of entry to the apartment, and plaintiff failed to raise a triable issue of fact in opposition (*see Netral v Lippold*, 304 AD2d 491, 491-492; *cf. Harden v Tynatishon*, 49 AD3d 604, 605; *Jackson v Brown*, 26 AD3d 804, 805).

We likewise agree with defendants that the court should have granted those parts of their motion insofar as plaintiff's claims are premised upon defendants' failure to inspect the apartment for lead paint. The Court of Appeals in *Chapman* (97 NY2d at 21) expressly "decline[d] to impose a new duty on landlords to test for the existence of lead in leased properties based solely upon the 'general knowledge' of the dangers of lead-based paints in older homes . . . ." Further, although landlords have a common-law duty "to inspect . . . the *common areas* of their premises [and to maintain them] in a reasonably safe condition" (*Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d 176, 178-179), windowsills and a balcony accessible only from an upstairs apartment are not common areas to which a landlord retains possession and unrestricted access. Rather, they are part of the leased premises, the possession of which is transferred to the tenants (*see id.* at 179).

Finally, we agree with defendants that the court should have granted those parts of their motion with respect to plaintiff's remaining claims, for warranty of habitability, inasmuch as "[p]laintiff may not rely upon any alleged breach of the warranty of habitability to recover damages for personal injuries" (*Joyner*, 277 AD2d at 1015; *see Doe v Westfall Health Care Ctr.*, 303 AD2d 102, 113).

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court