# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

323

CA 13-01099

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

ELIJAH HAMILTON, PLAINTIFF-APPELLANT,

V                                                  MEMORANDUM AND ORDER

GEORGE PICARDO, DEFENDANT-RESPONDENT.

---

LIPSITZ & PONTERIO, LLC, BUFFALO (JOHN NED LIPSITZ OF COUNSEL), FOR PLAINTIFF-APPELLANT.

WARD GREENBERG HELLER & REIDY LLP, ROCHESTER (THOMAS E. REIDY OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered March 1, 2013. The judgment and order granted defendant's motion for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the judgment and order so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained as a result of his exposure to lead paint as a child between 1991 and 1997. We conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Defendant and his wife acquired the property by deed in January 1993, and they took title to the property as tenants by the entirety. Defendant's wife died in 2004. Defendant testified at his deposition that his participation in the acquisition of the property was as an accommodation to the financial situation of his wife's son and her nephew. Defendant denied that he had anything to do with the property and asserted that he was only an owner "on paper." Defendant never saw the property, never went there, never received any rent, did not know that a child resided there and never received any correspondence related thereto. Defendant did not execute any lease agreements with respect to the property. "To establish that a landlord is liable for a lead-paint condition, a plaintiff must demonstrate that the landlord had actual or constructive notice of, and a reasonable opportunity to remedy, the hazardous condition" (*Rodriguez v Trakansook*, 67 AD3d 768, 768-769). Defendant met his burden of establishing that he had no actual or constructive notice of the hazardous lead paint condition prior to an inspection conducted by the Monroe County Department of Health, and plaintiff failed to raise a triable issue of fact (*see Joyner v Durant*, 277 AD2d 1014, 1014-1015; *see also Sanders v Patrick*, 94 AD3d 1514, 1515, *lv denied*

19 NY3d 814; *see generally Chapman v Silber*, 97 NY2d 9, 15).  We reject plaintiff's contention that actual or constructive notice of the dangerous lead condition may be imputed to defendant because of a general awareness of the hazards of lead paint (*see Boler v Malik*, 267 AD2d 998, 998-999; *Hines v RAP Realty Corp*., 258 AD2d 440, 441, *lv denied* 93 NY2d 812).  We likewise reject plaintiff's further contention that the alleged communications concerning the management of the property between defendant's wife and her son, reflected in the record by the double hearsay deposition testimony of her nephew, should be imputed to defendant.  With respect to the dissent's reliance upon that double hearsay, we note that defendant's nephew testified that he never spoke with defendant concerning the day-to-day management or maintenance of the property, the leasing of the property or the collection and retention of rent.  The sole basis for the deposition testimony was a conversation between defendant's wife and her son, but defendant's nephew neither participated in nor heard that conversation.  Thus, while the record suggests that defendant's nephew may have acted as an agent for defendant's wife with respect to the premises, the double hearsay of defendant's nephew was insufficient to raise an issue of fact concerning his authority to act as defendant's agent (*see Baldo v Patton*, 65 AD3d 765, 767).  " 'No agency is to be implied as between husband and wife from the mere fact of marriage' " (*Falk v Krumm*, 39 Misc 2d 448, *affd* 22 AD2d 911).  Nor does joint ownership evidenced by tenancy by the entirety create such a relationship under agency law (*see Matter of Baker v Westfall*, 30 Misc 2d 946, 948).  The dissent's reliance upon a Monroe County Department of Social Services "Landlord Statement" is similarly misplaced.  The statement is signed by defendant's nephew in three capacities:  "Owner of Property," "Landlord" and "Agent for Landlord."  That document contains no reference or entry with respect to defendant.  To the extent that the document may be relied upon to create an implied agency, we note that the only "agency" relationship discernable from its face is based on one person acting in various capacities.  Moreover, neither plaintiff nor the dissent point to any evidence of words or conduct by *defendant* communicated to a third party, i.e., plaintiff or his mother as tenant of the rental unit, giving rise to an appearance and reasonable belief that an agency relationship had been created (*see Pyramid Champlain Co. v R.P. Brosseau & Co.*, 267 AD2d 539, 544, *lv denied* 94 NY2d 760).

All concur except FAHEY, J., who dissents and votes to reverse in accordance with the following Memorandum:  I respectfully dissent and would reverse the judgment and order, deny the motion and reinstate the complaint.  " '[I]n order for a landlord to be held liable for injuries resulting from a defective condition upon the premises, the plaintiff must establish that the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been corrected' " (*Heyward v Shanne*, 114 AD3d 1212, 1213, quoting *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646).  In my view, under the circumstances of this case, there is an issue of fact whether defendant "had notice of the dangerous lead paint condition in the subject [house] 'for such a period of time that, in the exercise of reasonable care, it should have been corrected' " (*id.*, quoting *Juarez*, 88 NY2d at 646).

*Chapman v Silber* (87 NY2d 9) is familiar if not seminal lead-based paint jurisprudence, and there the Court of Appeals taught that constructive notice of a hazardous, lead-based paint condition may be established by evidence "that the landlord (1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the [residence] was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment" (*id.* at 15). Defendant concedes the fourth *Chapman* factor, i.e., that he was aware of the hazards of lead-based paint, and in my view there are issues of fact with respect to the remaining *Chapman* factors. Here, the record established that the house at issue was owned by defendant and his wife at the time plaintiff lived at that residence and was allegedly exposed to lead-based paint hazards therein. The record also establishes that defendant's nephew testified that, based on his recollection of descriptions of conversations between defendant's stepson and defendant's wife, he and defendant's stepson acted with the authority of defendant and defendant's wife with respect to the maintenance and upkeep of the house, interactions with tenants, receipt of rent money, possession of keys, repairs, and the overall management of the house. That evidence, together with the deposition testimony of defendant's nephew concerning a signed landlord statement showing defendant's nephew as both owner and agent for the house in question, creates issues of fact whether defendant's nephew acted as defendant's agent with respect to the house (*see* 2A NY Jur 2d, Agency and Independent Contractors § 23), and whether plaintiff may satisfy the *Chapman* factors contested by defendant.

Entered:  June 13, 2014                          Frances E. Cafarell
                                                 Clerk of the Court