■ LORI BLACKBURN, Respondent, v JOHN MCLAUGHLIN et al., Appellants, et al., Defendants. [734 NYS2d 713] —Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 13, 2001 in Saratoga County, which denied a motion by defendants John McLaughlin and Elizabeth McLaughlin for summary judgment dismissing the complaint against them.

Plaintiff commenced this action against defendants John McLaughlin and Elizabeth McLaughlin (hereinafter collectively referred to as defendants),[1] her landlords, seeking damages for injuries that she sustained when she slipped and fell in the bathtub of her apartment, causing her hand to shatter the shower doors on the bathtub's glass enclosure. Plaintiff claims that defendants were negligent in not providing nonslip strips on the bottom of the bathtub and not replacing the nonsafety glass of the tub enclosure with safety glazing. Defendants

---

1. The complaint also contains causes of action for medical malpractice against the other named defendants, but those claims are not at issue on this appeal.

moved for summary judgment after discovery claiming that they set forth unrefuted evidentiary proof in admissible form establishing that they did not have notice of any dangerous condition in plaintiff's apartment, a missing element fatal to her cause of action. Supreme Court, relying on the holding in *Trimarco v Klein* (56 NY2d 98), denied defendants' motion finding that the affidavit of plaintiff's expert raised a triable question of fact as to whether defendants were negligent in not following "the custom of apartment owners to replace older, dangerous glass, with either plastic or safety glass, and to use non-slip surfaces on bathtubs." Since we find plaintiff's submissions insufficient to raise an issue of fact as to whether defendants had actual or constructive notice of any dangerous condition in her apartment, we reverse.

Defendants purchased the subject apartment complex in 1972. Each of the 16 apartments in the complex at the time of purchase were equipped with the same type of tub enclosure that was present in plaintiff's apartment. From the time of purchase, John McLaughlin performed most of the maintenance in the apartments and, until plaintiff's 1998 injury, he was unaware of any safety problem with the tubs and did not know that the shower doors were not constructed of safety glass. During this time, the only work that he performed with respect to any of the shower doors was to replace the rollers so that the doors would operate smoothly and remove the tub enclosure, including the shower doors, from one unit at the request of the tenant.

It is well settled that in order for defendants to be held liable for plaintiff's injuries resulting from the defective condition of the shower doors, plaintiff must establish, *inter alia*, that defendants had actual or constructive notice of the condition (*see, Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646; *Stover v Robilotto*, 277 AD2d 801, 802, *affd* 97 NY2d 9). With respect to the shower doors, plaintiff asserts that her expert's affidavit raises a question of fact regarding defendants' liability, citing, as did Supreme Court, *Trimarco v Klein* (*supra*), as controlling authority.[2] Unlike the circumstances in *Trimarco*, however, defendants did not install the shower doors and John McLaughlin's averment that he "was not aware prior to the date of plaintiff's accident that the subject shower doors were constructed of anything but safety glass" went unchallenged.

---

2. Plaintiff, without any additional argument in her brief, relies upon the holding in *Trimarco* as controlling authority with respect to her allegation that defendants were negligent in failing to equip her tub with nonslip strips. As set forth herein, said argument must fail.

In addition, there was no proof that defendants were aware of any custom in the rental business to replace nonsafety glass shower doors with safety glass nor was there any effort by plaintiff to show that defendants were aware of any national safety or consumer organization bulletins or Federal, State or local publications warning of dangers associated with non-safety glass shower doors. These additional facts found to be present in *Trimarco*, coupled with an expert's affidavit, supplied the necessary factual basis from which the jury could properly conclude in *Trimarco* that the defendant had sufficient notice that the shower doors were constructed of non-safety glass and that such condition presented a danger. Here, the affidavit of plaintiff's expert, standing alone, fails to raise a triable issue of fact concerning defendants' notice of any dangerous condition existing in plaintiff's apartment.

In light of the above, defendants' remaining arguments are academic and need not be considered.

Crew III, J. P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants John McLaughlin and Elizabeth McLaughlin and complaint dismissed against said defendants.