Corona v Mrs Realty LLC (2004 NY Slip Op 50791(U))

[*1]

Corona v Mrs Realty LLC

2004 NY Slip Op 50791(U)

Decided on July 19, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 19, 2004

Supreme Court, Kings County
DIONEL CORONA, an infant, by his father and and natural guardian, DIONICIO CORONA, and DIONICIO CORONA, individually, Plaintiffs,
against
MRS REALTY LLC, and EFM REALTY CORP., Defendants.
27152/02

Larry D. Martin, J.
Plaintiff Dionel Corona, an infant by his father and natural guardian, Dionicio Corona, and Dionicio [*2]Corona individually, brought the within action for personal injuries to infant's right arm allegedly sustained when infant put his arm through one of the glass panes on an interior door which separated the dining room and living room in his apartment located at 621 West 172nd Street. Defendants owned and managed the premises in which plaintiffs were a tenant.
Defendants assert that the interior door in question was not in a defective or hazardous condition. Defendants further assert that even if the door had defective conditions that defendants still lacked notice of those conditions. Furthermore, defendants assert that infant's conduct in chasing his brother and consequently slamming into the door was an unforeseeable, supervening act, and the sole proximate cause of infant's injuries.
Plaintiffs oppose the motion in its entirety. Plaintiffs assert that the door in question was inherently dangerous. Plaintiffs further assert that defendants had both actual and constructive notice of the door's dangerous and hazardous condition. Furthermore, plaintiffs assert that infant's conduct is not a superceding act, and more importantly, whether infant's conduct is the sole proximate cause of his injuries or an unforeseeable, supervening act is a question of fact.
Factual Background and Procedural History
On October 19, 2000, plaintiff infant Dionel Corona was allegedly injured when he put his right arm through one of the glass panes on an interior door of his apartment while chasing his brother. As a result of the glass shattering, infant sustained severe lacerations to his right arm and hand that required surgical repair and skin grafting.
Plaintiffs commenced the instant personal injury action on July 11, 2002, alleging that defendants are liable for infant's injuries as a result of defendants' failure to remove the interior glass paned door from plaintiffs' apartment which constituted a hazardous condition. Plaintiffs also contend that defendants are liable to Dionicio Corona for the loss of his son, Dionel's, services.
On August 26, 2002, defendants interposed an answer denying liability based on infant's assumption of risk when he voluntarily engaged in the hazardous and dangerous conduct of chasing his brother. Defendants now move for summary judgment.
Discussion
Motion for summary judgment is a drastic remedy which should only be granted when the moving party can demonstrate that there are no triable issues of fact. Andre v. Pomeroy, 35 N.Y.2d 361, 362 N.Y.S.2d 131 (1974). The standard for granting summary judgment requires the proponent of the motion "to make a prima facie showing of entitlement to judgment as a matter of law by offering sufficient evidence to eliminate any material issue of fact." Friends of Animals v. Associated Fur Manufacturers, 46 N.Y.2d 1065, 416 N.Y.S.2d 790 (1979). Once the proponent has made a prima facie showing, the non-moving party must present evidence of a triable issue of fact to defeat a motion for summary judgment. Zuckerman v. City of New York, 49 N.Y.2d 557 (1980). Furthermore, evidence produced by the parties "must be viewed in the light most favorable to the non movant, affording the non movant every favorable inference." Horth v. Mansur, 243 A.D.2d 1041, 1042 (3d Dep't 1997).
It is well settled that a landlord may be held liable for dangerous conditions associated with glass doors when the landlord has responsibility for the maintenance of that area and has actual or constructive notice of that condition. Blackburn v. McLaughlin, 289 A.D.2d 840, 734 N.Y.S.2d 713 (3d Dep't 2001).
[*3]
The court agrees with the plaintiffs' contention that defendants' removal of the glass paned doors in 52 of 54 apartments does raise a triable issue of fact as to whether the doors were inherently dangerous. (See affidavit of Stanley Fein annexed as "Exhibit C" to plaintiffs' affirmation in opposition.) Testimony by defendants' witness Denise P. Bekaert demonstrates that the door in question was in compliance with New York City Building Codes. (See affidavit of Denise P. Bekaert annexed to defendants' notion of motion.) To the contrary, testimony by plaintiffs' witness Stanley Fein indicates that it was custom and practice of the time to remove glass paned doors, such as those in infant's apartment, because they were inherently dangerous. (See affidavit of Stanley Fein, supra.) On the basis of a personal inspection, Fein observed that the door in question is made of "simple plate glass" that is "known to cause severe lacerations if shattered" and opined that the "subject door was dangerous and hazardous as it existed with flimsy plate glass inside an apartment with two children." (supra.) There is no testimony from this witness or any other witness in the record to show why the building owner did indeed remove 52 of 54 glass paned doors. (See affidavit of Manuel Pinto annexed as "Exhibit B" to plaintiffs' affirmation in opposition.) Nonetheless, evidence produced must be viewed in light most favorable to the non movant. Thus, at the very least, the fact that the glass paned door was removed in all but two apartments raises an issue as to whether the door was inherently dangerous.
Assuming, arguendo, that door in question had a defective condition, defendants contend that there was no actual or constructive notice as to this condition since the door was not in an "open and obvious" space but rather inside a tenant's apartment. The Appellate Division in Trimarco v. Klein held that "assuming there existed a custom and usage at the time to substitute shatterproof glass, unless prior notice of the danger came to the defendants, they were under no duty to replace the glass." 82 A.D.2d 20 (1st Dep't 1981). The record indicates that the building superintendent had no notice as the defective condition of the door. (See affidavit of Manuel Pinto, supra.) Affidavit of Stanley Fein opines that it can be inferred from defendants' removal of 52 of 54 doors that defendants were aware of the custom and practice of removing doors because the doors were of "obvious danger." (See affidavit of Stanley Fein, supra.) The Court of Appeals in Trimarco held that "customs and usages run the gamut of merit like everything else" and when this evidence is introduced, it is sufficient to send to the jury.
The court concludes that plaintiffs' submissions raise at least one triable issue of fact to defeat the defendants' motion for summary judgment.
Accordingly, defendants' motion for summary judgment dismissing plaintiffs' complaint is denied.
This shall constitute the decision, order, and judgment of the court.
E N T E R:
 
 LARRY D. MARTIN
 JSC.