VICTOR N. FARLEY, as Public Administrator of the Estate of NORMA ROMAN, Deceased, and on Behalf of ISAMAR PEREZ and Others, Infants, Appellant, v COUNTY OF ERIE et al., Respondents. [791 NYS2d 251]—

Appeals and cross appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered February 26, 2004. The order, insofar as appealed from, granted the motions of defendants County of Erie, Erie County Sheriff's Department, Buffalo Board of Education and City of Buffalo for sum-

mary judgment dismissing the amended complaint against them; denied the cross motion of defendants County of Erie, Erie County Sheriff's Department, Patrick Gallivan, Erie County Sheriff, Chief Richard Donovan, Superintendent Robert Koch, Assistant Chief John Abraham, Sergeant Keith Kibler, Detective James F. Hatch and Deputy Anastacio Vazquez for leave to amend their answers; denied in part the motion of defendants County of Erie, Erie County Sheriff's Department, Patrick Gallivan, Erie County Sheriff, Chief Richard Donovan, Superintendent Robert Koch, Assistant Chief John Abraham, Sergeant Keith Kibler and James F. Hatch and denied the motion of Deputy Anastacio Vazquez for summary judgment dismissing the amended complaint against them; and granted the motion of defendants Buffalo Board of Education and City of Buffalo for summary judgment dismissing all cross claims against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendants County of Erie, Erie County Sheriff's Department, Patrick Gallivan, Erie County Sheriff, Chief Richard Donovan, Superintendent Robert Koch, Assistant Chief John Abraham, Sergeant Keith Kibler and Detective James F. Hatch in its entirety and the motion of Deputy Anastacio Vazquez with respect to the amended complaint and dismissing the amended complaint against defendants Patrick Gallivan, Erie County Sheriff, Chief Richard Donovan, Superintendent Robert Koch, Assistant Chief John Abraham, Sergeant Keith Kibler, Detective James F. Hatch and Deputy Anastacio Vazquez and as modified the order is affirmed without costs.

Memorandum: Plaintiff, as public administrator of the estate of Norma Roman and on behalf of Norma's three minor children, commenced this wrongful death action seeking money damages for defendants' allegedly negligent acts that contributed to Norma's death. Norma's estranged husband, Juan Roman, was hired as a "Deputy-Sheriff Officer" to guard prisoners at the Erie County Holding Center (Holding Center). Juan had a history of domestic violence with Norma, and three orders of protection had been filed. The third order of protection, entered April 21, 1998, ordered Juan to surrender his firearms to defendant Erie County Sheriff's Department (Sheriff's Department) "until [he] completes a domestic violence program," and the then Chief of Patrol and Investigative Services for the Sheriff's Department verified at that time that Juan previously had surrendered his firearms to defendant Deputy Anastacio Vazquez and that the firearms remained in the possession of Vazquez. On May 1, 1998, Juan and Norma went to

their children's school, where Juan fatally shot Norma with a gun that he had stolen from the weapons locker at the Holding Center.

The County of Erie (County), the Sheriff's Department, Patrick Gallivan, Erie County Sheriff, Chief Richard Donovan, Superintendent Robert Koch, Assistant Chief John Abraham, Sergeant Keith Kibler, and Detective James F. Hatch (County defendants) moved for summary judgment dismissing the amended complaint against them, and Vazquez also moved for summary judgment dismissing the amended complaint against him. Supreme Court granted in part the motion of the County defendants, dismissing the amended complaint against the County and the Sheriff's Department, and the court denied the motion of Vazquez. Contrary to plaintiff's contention, we conclude that the court properly granted that part of the motion of the County defendants with respect to the County and the Sheriff's Department. We agree with the County defendants that the court should have granted their motion in its entirety, and we further conclude that the court should have granted the motion of Vazquez for summary judgment dismissing the amended complaint against him. Thus, we modify the order accordingly.

"In an effort to avoid the operation of the general rule that a municipality may not be held liable for injuries resulting from a failure to provide police protection . . . , plaintiff asserts the existence of a 'special relationship,' which imposes on [him] the burden of establishing (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on [Norma's] behalf, (2) knowledge on the part of the municipality's agents that inaction could lead to harm, (3) some form of direct contact between the municipality's agents and [Norma], and (4) [Norma]'s justifiable reliance on the municipality's affirmative undertaking" (*Clark v Town of Ticonderoga*, 291 AD2d 597, 597 [2002], *lv denied* 98 NY2d 604 [2002]; *see Mastroianni v County of Suffolk*, 91 NY2d 198, 203-204 [1997]; *Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). Here, plaintiff conceded that only Hatch and Vazquez had direct contact with Norma. In any event, the County defendants and Vazquez met their initial burden of establishing a lack of justifiable reliance on the municipality's undertaking, and plaintiff failed to raise an issue of fact in that respect (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The record contains no evidence that Norma placed herself "in a worse position than she would have been in had [the County defendants and Vazquez] never assumed [a] duty" or that she relied on their alleged assurances

to her detriment (*Clark*, 291 AD2d at 599). Indeed, the record establishes that Norma "voluntarily placed [her]self in a worse position than [s]he was in [had she kept her distance from Juan]" (*Finch v County of Saratoga*, 305 AD2d 771, 774 [2003]).

In light of our determination, we decline to address the further contentions of the County defendants and Vazquez. We have considered the remaining contentions raised by plaintiff on his cross appeal and conclude that they lack merit. Present— Scudder, J.P., Martoche, Pine, Lawton and Hayes, JJ.