■ DAVID KROMER, as Administrator C.T.A. of the Estate of ALICIA HUMPHREYS, Also Known as ALICIA M. HUMPHREYS, Deceased, Appellant, v COUNTY OF ONONDAGA et al., Respondents. [809 NYS2d 723]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered May 16, 2005. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action as administrator C.T.A. of the estate of his daughter (decedent), who was murdered by her estranged husband. Plaintiff alleged that defendants acted recklessly and negligently in failing to protect decedent after she had reported that, two weeks before the murder, her husband assaulted and raped her. We affirm the order granting defendants' motion for summary judgment dismissing the complaint. In our view, defendants established as a matter of law that there was no justifiable reliance on any affirmative undertaking by them and thus that plaintiff failed to establish the special relationship between decedent and defendants necessary for the imposition of liability (*see generally Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). Defendants established that decedent did not contact them during the two-week period between the alleged assault/rape and the murder, and plaintiff failed to raise an issue of fact whether any acts of defendants lulled decedent "into a false sense of security, induced [her] to either relax [her] own vigilance or forego other viable avenues

of protection, and thereby placed [decedent] in a worse position than [she] would have been in had defendant[s] never assumed the underlying duty" (*Finch v County of Saratoga*, 305 AD2d 771, 773 [2003]; *see Farley v County of Erie*, 16 AD3d 1134, 1136 [2005], *lv denied* 5 NY3d 711 [2005]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.