■ PATRICK M. SCIORTINO, Individually and as Administrator of the Estate of ANTHONY J. SCIORTINO, JR., Deceased, Respondent, v MARK A. LEO, Defendant, and ONEIDA COUNTY DEPARTMENT OF EMERGENCY SERVICES et al., Appellants. [876 NYS2d 308]—

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered August 8, 2008 in a wrongful death action. The order denied the motion of defendants Oneida County Department of Emergency Services, Oneida County Sheriff's Department and County of Oneida for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint against defendants Oneida County Department of Emergency Services, Oneida County Sheriff's Department and County of Oneida is dismissed.

Memorandum: Plaintiff commenced this action, individually and as administrator of the estate of Anthony J. Sciortino, Jr. (decedent), alleging that the County of Oneida and its Department of Emergency Services and Sheriff's Department (collectively, County defendants) were negligent in failing to protect decedent from the assault of defendant Mark A. Leo in response to decedent's telephone call to the Sheriff's Department. We agree with the County defendants that Supreme Court erred in denying their motion for summary judgment dismissing the complaint against them.

"A municipality may not be held liable for failing to provide police protection absent a special relationship between the municipality and the injured party giving rise to a special duty on the part of the municipality to exercise reasonable care for the protection of the injured party" (*Sachanowski v Wyoming County Sheriff's Dept.*, 244 AD2d 908, 908 [1997], *lv denied* 92 NY2d 801 [1998]; *see Mastroianni v County of Suffolk*, 91 NY2d 198, 203 [1997]; *Cuffy v City of New York*, 69 NY2d 255, 260-261 [1987]). Here, the County defendants established that they had no special relationship with decedent, and plaintiff failed to raise an issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). An essential element of a special relationship is "knowledge on the part of a municipality's agents that inaction could lead to harm" (*Cuffy*, 69 NY2d at 260), i.e., "notice of palpable danger, as where it is so obvious that a layman would ascertain it without inquiry, or where a person unambiguously communicated" the danger to the municipality's agent (*Kovit v Estate of Hallums*, 4 NY3d 499, 508 [2005], *rearg denied* 5 NY3d 783 [2005]). The evidence submitted by the County defendants establishes that decedent did not mention any immediate danger in his telephone call, and plaintiff failed to submit any evidence from which it may be inferred that the telephone operator at the Sheriff's Department should have known that such a danger existed. Another essential element of a special relationship is the injured party's "justifiable reliance on the municipality's affirmative undertaking" of a duty to act on behalf of the injured party (*id.* at 506-508). Here, the County defendants established that there was no such justifiable reliance by decedent on any alleged affirmative undertaking, and plaintiff failed to raise an issue of fact

whether "defendant[s'] conduct lulled [decedent] into a false sense of security, induced him to either relax his own vigilance or forego other viable avenues of protection, and thereby placed himself in a worse position than he would have been in had defendant[s] never assumed the [alleged affirmative undertaking]" (*Finch v County of Saratoga*, 305 AD2d 771, 773 [2003]; *see Grieshaber v City of Albany*, 279 AD2d 232, 236 [2001], *lv denied* 96 NY2d 719 [2001]). "Indeed, the record establishes that [decedent] 'voluntarily placed [himself] in a worse position than [he] was in' " before calling the Sheriff's Department (*Farley v County of Erie*, 16 AD3d 1134, 1136 [2005], *lv denied* 5 NY3d 711 [2005]). Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.