■ MIMI SWIFT, Individually and as Parent and Legal Guardian of ARIANNA F., an Infant, Appellant, v CITY OF SYRACUSE et al., Respondents. [816 NYS2d 656]—

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered October 4, 2004 in a personal injury action. The order and judgment granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed

from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and on behalf of her daughter, seeking damages for injuries sustained by her daughter when she was taken from her home between 11:00 P.M. and midnight by her biological father, who resided in Pennsylvania, on an evening when plaintiff had left her daughter in the care of plaintiff's mother. According to plaintiff, there was no custody order in effect, and she and the child's father were not married. The grandmother believed that the father was intoxicated, and she called 911 at about 12:30 A.M. because of her concern for the child's welfare. Two police officers responded within minutes but one left shortly thereafter because he deemed the situation to require only one officer. The remaining officer obtained information from the grandmother, including three possible locations where the father might have gone. One was a short distance away, on the same street. The officer began by checking the other two locations first but suspended his search in order to investigate an assault complaint. At 1:40 A.M., when he was about to resume his search for the child, he was called to a fire at the nearest address provided by the grandmother, on her street. The father and the child were among the occupants who were evacuated, and the child was seriously burned.

Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. A municipality is immune from liability for failure to provide police protection unless a special relationship existed between the municipality and the injured party (see Mastroianni v County of Suffolk, 91 NY2d 198, 203 [1997]; Sachanowski v Wyoming County Sheriff's Dept., 244 AD2d 908 [1997], lv denied 92 NY2d 801 [1998]), i.e., " (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (Cuffy v City of New York, 69 NY2d 255, 260 [1987]). Defendants met their initial burden with respect to all four factors, thus establishing that there was no special relationship. Specifically, with respect to the second factor set forth in Cuffy, defendants submitted the deposition testimony of the two police officers in which they each testified, inter alia, that the grandmother had assured them that the father loved the child and would do nothing to harm her. Defendants thus

established their entitlement to summary judgment dismissing the complaint based on the second factor set forth in *Cuffy*, and plaintiff failed to raise an issue of fact with respect to that factor, i.e., whether the police had knowledge that their inaction would lead to harm to the child (*see Lazan v County of Suffolk*, 4 NY3d 499, 507-508 [2005]; *Escribano v Town of Haverstraw*, 303 AD2d 621, 622 [2003]; *see also Mastroianni*, 91 NY2d at 204; *Cuffy*, 69 NY2d at 260). In view of plaintiff's failure to raise an issue of fact with respect to the second factor, we need not address whether plaintiff raised issues of fact with respect to the remaining three factors. Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.